# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

LIONEL M. FLEMING,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

CA 04-30213

**NOTICE OF REMOVAL**

TO:    The Honorable Judges of the
        United States District Court
        District of Massachusetts

Petitioner, Home Depot U.S.A., Inc. (hereinafter "Defendant"), defendant, in the above entitled action, states:

1. Defendant desires to exercise rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court of the Commonwealth of Massachusetts, Hampden County, in which said cause is now pending under the name and style *Lionel M. Fleming v. Home Depot, U.S.A., Inc.*, Civil Action No. 04-971. Defendant was served a Summons and a copy of a Complaint in this action on or about October 13, 2004. A copy of the Summonses and Complaint and all other papers received in this case to date are attached hereto as Exhibit A.

2. The above-described action is one in which this court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this court by the Defendant, pursuant to the provisions of 28 U.S.C. § 1441, wherein it

is a civil action wherein the matter in controversy exceeds the sum or the value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

3. Plaintiff, Lionel M. Fleming, at the time this action was commenced, was and still is a citizen of the Commonwealth of Massachusetts. Defendants, at the time this action was commenced, was and still is a corporation organized under the laws of the State of Delaware, with a principal place of business in Atlanta, Georgia, and was not and is not a citizen of the Commonwealth of Massachusetts, the residence of the Plaintiff and wherein this action was brought.

4. Defendants are filing this Notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

5. Defendants will file a Notice to Counsel of filing of this Notice of Removal and a copy of the Notice of Removal with the Clerk, Superior Court of the Commonwealth of Massachusetts, Hampden County, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as <u>Exhibit B</u>.

6. Defendants will serve written notice to opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as <u>Exhibit C</u>.

WHEREFORE, Defendants pray that the above action now pending against them in the Superior Court of the Commonwealth of Massachusetts, Hampden County, be removed therefrom to this Court.

Respectfully submitted,

HOME DEPOT U.S.A., INC.

By their attorneys,

_____
Robert P. Joy (BBO # BBO# 254820)
Tracy Thomas Boland (BBO #638878)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

Dated: November 2, 2004

TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

A TRUE COPY ATTEST
DEPUTY SHERIFF HAMPDEN CTY
10-13-04

[X] HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04 971

Lionel M. Fleming, PLAINTIFF(S)

SUMMONS

v.

Home Depot USA, Inc., DEFENDANT(S)
West Springfield, MA

To the above named defendant:

You are hereby summoned and required to serve upon Lionel M. Fleming, 43 Stebbins St., Chicopee MA, plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _____ day of _____ in the year of our Lord two thousand four.

_Marie G. Mazza_
Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

I was moved to store #258, where it was known throughout the store that myself and the other 8 African American Home Depot employees had filed a Harassment/Discrimination charge against Home Depot. And at this store, in 1997, John Rex, a white employee, hung a hangman's noose on my forklift, and on a tree above the employee's picnic area (where the majority of African American's would take their breaks).

Home Depot did not provide a sufficient punishment for that employee. I was told by the store manager; Chris Cook, that the individual who committed the 2 racist acts would be fired. Likewise, Home Depot's Home Office Human Resource Representatives from Atlanta, Georgia, told the African American Workers that this problem would be taken care of, and the people responsible would be fired. However, there were no people fired over these 2 racist acts. The only action taken was by the Human Resources of our local store. The punishment was for the offending person to watch "Rose Wood", the movie. This movie depicts burning, raping, and hanging of African Americans. This was a slap in the face to all the African American Employees at Home Depot.

Meanwhile, the lawyer involved in our previous charge of Harrassment/Discriminiation, involving us 9 African Americans, took all 9 complaints as individual cases, when we wanted to pursue our case as a class action. After my lawyer and I met with Home Depot Lawyers, in 1998, a small amount of money was compensated to me, and Judge Turner spoke with all parties involved. Referring to me, Judge Turner said," Home Depot must do right by this young man".

After these racist hate crimes were committed, Home Depot's lawyers; John Wymer, Jocelyn Hunter and Sam Machete, said they would help me transfer to another store, in which I could progress further into management positions. I decided to contact Russ Founds, who was now a store manager at West Springfield's Home Depot. In Florida, I worked under Russ Founds, and I contacted Russ to see if I could be transferred to West Springfield's Home Depot for a fresh start and move up in the company. When in Florida, Russ was my Assistant Manager, in the Gardening Department. In the Home Depot Gardening Department, I was rated number 1 on the East Coast in sales, and number 3 Company Wide in sales. My reviews stated, I was "promote able now". So after speaking with Russ Founds, I flew to West Springfield twice. The first time, I met with Russ at the Home Depot store in West Springfield, and toured the store. Russ said, he saw no problem in me being promoted at Home Depot. The second visit, I met with a Century 21 realtor, and looked for an apartment.

I transferred to West Springfield's Home Depot in 1999; to make a fresh start from the racist discrimination I faced at Home Depot in Florida. My move to West Springfield Home Depot, was motivated by the treatment I received by Florida's Home Depot, and their Management Staff. I felt there was still a future for me with Home Depot. And after visiting with Russ Founds, I felt a promotion would have occurred within 6 months to a year. Now, it is 5years later, and I have not been promoted, regardless of my excellent work record with Home Depot.

promoted to the Department Head position in Hardware, because he interviewed better than me. However, I am the one with more experience and I was Department Head of Hardware in 2 separate store of Home Depot in Florida. The Hardware Department is one of my strongest department strengths. Lou Corteau, has since been promoted to an Assistant Manager position. And Seth Dihlmann, who was hired for a Department Head position at this same time, has also been promoted to an Assistant Manager position.

Without the opportunity to be promoted at West Springfield's Home Depot in a Department Head position, I am being held back the opportunity to advance in an Assistant Manager position.

Also, near the end of 2003, the Lumber and Hardware Departments, promoted 2 employees. Both of these employees were employed at Home Depot, for a much shorter time than me. In fact, Michele Minniear had been employed with Home Depot for less than a year. She was promoted to Department Head, and now in October 2004, she has been promoted to Assistant Manager. These positions of Department Heads were never posted as available positions. And I was not notified to interview for these openings.

And most recent, in August 2004, an employee of West Springfield's Home Depot, Rich Goncalves, has been promoted to two different Department Head positions- Lumber and Building Materials. In the Job Preference Process at Home Depot, I have filed for 11 different Department Head positions, including Lumber and Building Materials. Rich Goncalves, has only 2 years experience with Home Depot. I have 21 years experience with Home Depot, and I am more qualified as a Department Head, with Department Head experience. However, I was never notified or called for an interview for these positions.

There are no people of color, in management positions, at any of the Home Depot stores in Western Massachusetts.


2. Retaliation-

Home Depot has retaliated against me, because of previous charges of racial discrimination, that I put forth against Home Depot.

While as an employee of Home Depot store #215 in Florida in 1995, 9 African Americans, including myself filed charges thru the EEOC for Harassment/Discrimination. We were denied promotions; we were continually transferred monthly to different departments, which disabled us to advance in our positions. When a promotion position became available in our department, we were transferred to a different department. Coincidentally, the store manager at our store had been previously transferred to our store because of racist behavior, and during this time of our suit against Home Depot, our store closed down. The store manager was fired; half of the employees were transferred to Home Depot store # 249, and the other half to Home Depot store # 258. Us 9 African Americans, involved in the Discrimination/Discrimination charge were split up between these 2 stores.

Home Depot continues to deny me any chance of promotion with Home Depot. Home Depot continues to discriminate against me, and continues to retaliate against me, because of my history with Home Depot.

Since my move to West Springfield's Home Depot, in October 1999, I should have been promoted to Store Manager by now, and I should have been receiving the salary of a Store Manager.

As an employee of Home Depot, I feel stressed, frustrated, discriminated against, under valued, and under appreciated. Even after these past 5 years, I still give 110%.

Other damages, since my move to West Springfield's Home Depot, have been the loss of family contact with my 2 children.

My daughter has been without a father figure since I moved, and at age 14, she became pregnant. And now, at age 17, she is pregnant again, and not married.

My son feels abandoned, and has cut his ties with me.

Since 1999, I have been in West Springfield, and I have been actively pursuing my promotion with Home Depot; however, Home Depot is denying me promotion. I have brought my case to the Massachusetts Commission Against Discrimination in 2001. In 2003, Home Depot wanted to settle my case, did not want to lose me as an employee, and offered me a small amount of money. Recently, Home Depot offered another settlement, of a small amount of money, and on the terms that I leave the company. This settlement has been dragged out and I am not satisfied with their settlement. I also feel that Home Depot is purposefully dragging my complaint, in hopes that I will quit. Therefore, I feel I can only find justice through the court.

**Damages I am requesting the court to order Home Depot to compensate me are the following;**

20 million dollars in a jury court

**Made under the penalties of perjury.**
October 4, 2004

*Lionel M. Fleming*   10/4/04

Lionel M. Fleming
43 Stebbins Street
Chicopee, MA  01040
(413) 747-7550

EVALUATION OF DEPARTMENT SUPERVISOR'S PERFORMANCE AND POTENTIAL

NAME: Lionel Fleming    DATE: 10-1-89    TITLE: Dept Head

STORE #: 215    DEPARTMENT #: 28    LENGTH OF TIME IN PRESENT POSITION: 9 mo    4 yrs outside

| | GOOD | AVERAGE | BELOW AVERAGE |
|---|---|---|---|

1. **CUSTOMER SERVICE:**
   * Sense of urgency toward customer service — ✓
   * Customer cultivation — ✓
   * Response to calls at frond end — ✓
   * Good follow-up with customers to develop a strong and loyal customer base. — ✓

   (comments) Customer service is good - need to spread out on weekends (sometimes) Also work on precnecks

2. **LEADERSHIP QUALITIES:**
   * Directs employees. — ✓
   * Trains and develops employees. — ✓
   * Motivates employees. — ✓
   * Disciplines employees fairly and as needed. — ✓ (Average)
   * Leads by example. — ✓
   * Has a sense of urgency. — ✓
   * Is a good planner. — ✓
   * Department morale. — ✓

   (Comments) Lionel is a good Leader, Trains N Directs is in stock for Ads Morale is up super team work

3. **MERCHANDISING:**
   * Management of overheads. — ✓
   * Packout disciplines. — ✓
   * Signing, labeling and ticketing — ✓
   * Ads set and taken down timely. — ✓
   * Maintenance program. — ✓
   * Achieves sales objectives. — ✓

   (comments) This is a strong area in all, Maintnce good Stay on top of Displays - Grills - Mowers

4. **PAPERWORK**
   * Edit Listing. — ✓
   * Will calls/deliveries. — ✓
   * S.O.Q.'s. — ✓
   * 8 week movement report. — ✓
   * Open-to-buy report. — ✓
   * S.A.M. report. — ✓
   * Receiving process: key-recs. — ✓
   * Stats report. — ✓
   * Open tub is clean and current. — ✓
   * Rainchecks: followed-up on immediately. — ✓

   (comments) Follows up on willcalls, orders well, stays in Stock Knew Stats Keep tub clean

|   | GOOD | AVERAGE | BELOW AVERAGE |
|---|---|---|---|
| 5. TAKES PRIDE IN, AND OWNERSHIP OF, HIS/HER BUSINESS | ✓ | | |
| • Dependable: | ✓ | | |
| • Has total-store concern: will assist when and where needed: | ✓ | | |
| • Has back-up in place, trained and ready: | ✓ | | |

(comments) Lionel has Pride N ownership He Runs
A good Business well stocked, willing to help Anywhere

|   | GOOD | AVERAGE | BELOW AVERAGE |
|---|---|---|---|
| 6. Communication: | | | |
| • Communicates well with supervisors. | ✓ | | |
| • Communicates well with peers. | ✓ | | |
| • Communicates well with subordinates. | ✓ | | |

(comments) Does communicate with everyone let's peers
Know what's going on, works with supviors

### TRAINING NEEDS

Lionel is a good Dept manager, 98% In stock
C.S. is good just keep spread out on weekends
work on Disciplines your people when needed
You have a good crew hold the Accountable Daily

**CAREER PATH:**

• CAREER PROFESSIONAL: _____
• PROMOTABLE:  ✓

| NOW | 3-6 MO. | 6-9 MO. | 9-12 MO. | 1 YR + |

• PROMOTABLE TO WHAT POSITION? Asst mgr.
• DOES HE/SHE HAVE THE DESIRE AND ABILITY TO BE PROMOTED? Yes he does
would like to see on frontend for 3mo

DATE 10/1/89    DEPARTMENT SUPERVISOR SIGNATURE [signed]

DATE            ASSISTANT MANAGER SIGNATURE [signed]

DATE            STORE MANAGER SIGNATURE

DATE            REGIONAL MANAGER SIGNATURE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

LIONEL M. FLEMING and RUEL H. BARRETT,

    Plaintiffs,

vs.

HOME DEPOT U.S.A., INC., a Delaware Corporation,

    Defendant.

CASE NO: 96-6560-Civ-Middlebrooks
MAGISTRATE JUDGE: Snow

NOTICE OF FILING
DEFENDANT'S PRETRIAL
EXHIBIT LIST

Defendant, HOME DEPOT U.S.A., INC., Delaware Corporation, hereby serves and files their pretrial exhibit list, which is attached.

Respectfully Submitted,

*Samuel M. Matchett*

JOHN F. WYMER, III, ESQ.
Florida Bar No: 779418
SAMUEL M. MATCHETT
Florida Bar No: 476340

POWELL, GOLDSTEIN, FRAZER & MURPHY
Attorneys for Home Depot
Sixteenth Floor, 191 Peachtree Street, N.E.
Atlanta, Georgia 30303
Tel. No: 404-572-6600
Fax No: 404-572-6999

CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 16th day of July, 1998 to: William R. Amlong, Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Ft. Lauderdale, Florida 33301-1100 and Elizabeth P. Johnson, Esq., Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., 17th Floor, 100 S.E. 2nd Street, Miami, Florida 33131.

By: *Samuel M. Matchett*
SAMUEL M. MATCHETT

COPY SENT TO CLIENT
DATE SENT 7/10/98
SENT : SH

## L. FLEMING AND R. BARRETT V. HOME DEPOT
### Case No. 96-6560-CIV-Middlebrooks

### EXHIBIT LIST

| DEFT. EX. NO. | DATE | DOCUMENT[1] | BASIS FOR OBJECTION[2] |
|---|---|---|---|
|  |  | DOCUMENT NOS. 1-100 PERTAIN TO PLAINTIFF FLEMING |  |
| 1. | 9/27/83 | Employment Application |  |
| 2. | 10/21/83 | Employee Orientation Checklist |  |
| 3. | 10/21/83 | Acknowledgement Form – Rules of Conduct |  |
| 4. | 6/8/86 | Acknowledgement Form – Employee Handbook |  |
| 5. | 1995 | EEO and Harassment/Discrimination Statement |  |
| 6. | 1/15/96 | Associate Performance Notice with Attachments – 30 Day Improve or Remove Status |  |
| 7. | 2/16/96 | Associate Performance Notice – 30 Day Improve or Remove Follow-up by Ken Leaich |  |
| 8. | 2/5/96 | Performance Appraisal with Attachments (Department Head Goals); Overall Rating of 2 |  |
| 9. | 2/5/96 | Employee Action Notice – No Salary Increase ($15.10 per hour) |  |
| 10. | Undated | Employee Action Notice – Gameplan |  |
| 11. | Undated | DST Comprehensive Test Answer Sheet |  |
| 12. | 8/15/95 | EEOC Charge of Discrimination with Attachments |  |
| 13. | 8/7/95 | Employee Action Notice – Promotion to Department 25 Supervisor |  |
| 14. | 7/18/95 | EEOC Intake Questionnaire |  |
| 15. | 9/1/95 | BCHRD Charging Party Questionnaire |  |
| 16. | 10/31/95 | BCHRD Rebuttal Questionnaire |  |
| 17. | 2/3/92 | Employee Action Notice – Transfer from Department 93 to Department 25 |  |
| 18. | 3/30/92 | Transfer from Department 25 to Department 34 |  |
| 19. | 5/4/92 | Transfer from Department 34 to Department 38 |  |
| 20. | 5/11/92 | Performance Appraisal; Overall Rating of 3 |  |
| 21. | 5/15/92 | Employee Action Notice – 1.8% Increase |  |
| 22. | 11/14/92 | Employee Action Notice – No Increase After 9-Year Review |  |
| 23. | 4/21/93 | Performance Appraisal; Overall Rating of 2.5 |  |

---

[1] Some documents will be used mutually for Plaintiffs Fleming and Barrett.
[2] In noting the basis for objections, the following codes should be used: A – Authenticity; I – Contains inadmissible matter; R – Relevancy; H – Hearsay; UP – Unduly Prejudicial; probative value outweighed by undue prejudice; P – Privileged

| DEFT. EX. NO. | DATE | DOCUMENT[1] | BASIS FOR OBJECTION[2] |
|---|---|---|---|
| 24. | 4/26/93 | Employee Action Notice – No Increase | |
| 25. | 6/17/9 | Performance Appraisal; Overall Rating of 3 | |
| 26. | 7/1/93 | Employee Action Notice – 1.8% Increase | |
| 27. | 9/28/93 | Performance Appraisal; Overall Rating of 3 | |
| 28. | 10/2/93 | Employee Action Notice – 1.8% Increase | |
| 29. | 4/4/94 | Employee Action Notice – No Increase | |
| 30. | 4/6/94 | Performance Appraisal; Overall Rating of 2 | |
| 31. | 6/22/94 | Performance Appraisal; Overall Rating of 3 | |
| 32. | 7/4/94 | Employee Action Notice – 1% Increase | |
| 33. | 9/20/94 | Performance Appraisal; Overall Rating of 3 | |
| 34. | 9/21/94 | Employee Action Notice – 2% Increase | |
| 35. | 2/15/95 | Employee Action Notice – Transfer from Department 38 to 25 | |
| 36. | 2/27/95 | ICSM 2 Trainee Checklist | |
| 37. | 6/7/95 | Performance Appraisal; Overall Rating of 3 | |
| 38. | 7/18/95 | Employee Action Notice – 1.7% Increase | |
| 39. | 7/28/95 | Performance Appraisal; Overall Rating of 3 | |
| 40. | 8/16/95 | Notice of Charge of Discrimination | |
| 41. | 2/94 | Respecting Our Home Depot Family | |
| 42. | 8/17/95 | Employee Action Notice – 2% Increase | |
| 43. | 8/30/95 | Employee Notice – Poor Job Performance | |
| 44. | 10/6/95 | Employee Notice – Poor Job Performance | |
| 45. | 11/20/95 | Associate Performance Notice – Violation of Company Policies | |
| 46. | 12/14/95 | Associate Performance Notice – Violation of Company Policies (Reviews) and Poor Job Performance (ad set) | |
| 47. | 12/15/95 | Associate Performance Notice – Poor Job Performance | |
| 48. | 1/3/96 | Performance Appraisal with attachments; Overall Rating of 2 | |
| 49. | 1/12/96 | Associate Performance Notice – Poor Job Performance | |
| 50. | 1/22/96 | Order of Determination of No Violation by BCHRD | |
| 51. | 1/28/96 (sic – date should read 1997) | Letter from Plaintiff to Store Manager Re Decision to Step Down from Supervisory Position | |
| 52. | Undated | Associate Performance Notice – Game Plan | |
| 53. | 2/5/96 | Employee Action Notice – No Increase | |

2

| DEFT. EX. NO. | DATE | DOCUMENT | BASIS FOR OBJECTION[2] |
|---|---|---|---|
| 54. | 2/19/96 | Notice of Dismissal from BCHRD | |
| 55. | 3/10/96 | Associate Action Notice – Olympic Spirit Award | |
| 56. | 4/10/96 | EEOC Determination of No Violation of Statute | |
| 57. | 6/9/96 | Associate Performance Notice – Verbal Notice re Unapproved Overtime | |
| 58. | 7/29/96 | Performance Appraisal; Overall Rating of 3 | |
| 59. | 7/29/96 | Associate Performance Notice – Good Job Performance | |
| 60. | 8/1/96 | Associate Performance Notice – Game Plan | |
| 61. | 8/5/96 | Associate Action Notice – No Increase | |
| 62. | 8/30/96 | Policies and Procedures – Timekeeping; Signed by Plaintiff Fleming | |
| 63. | 11/13/96 | Associate Performance Notice – Poor Job Performance | |
| 64. | 11/25/96 | Associate Action Notice – Transfer from Store 215 (Dept. Head) to Store 258 (Dept. Head) | |
| 65. | 11/30/96 | Associate Action Notice – Demotion from Dept. 38 Supervisor to Department 28 Sales | |
| 66. | 12/5/96 | Associate Action Notice – Transfer from Store 215 (Dept. Supervisor) to Department 258 (Receiver) | |
| 67. | 2/3/97 | Associate Action Notice – Transfer from Department 25 to Department 38 | |
| 68. | 2/25/97 | Associate Action Notice – Transfer from Department 38 to Department 28 | |
| 69. | 4/15/97 | Performance Review; Overall Rating of 4 | |
| 70. | 4/15/97 | Associate Action Notice – No Pay Increase | |
| 71. | 6/18/97 | Associate Performance Notice – Good Job Performance | |
| 72. | 11/4/97 | Unsworn Declaration of Donald Gandy | |
| 73. | 12/1/97 | Associate Performance Notice – Good Job Performance | |
| 74. | Undated | List of Duties – Merchandising Department Supervisor; Initialed by Plaintiff Fleming | |
| 75. | 1/8/98 | Performance Review; Overall Rating of 4 | |
| 76. | 2/13/98 | Associate Action Notice – 5% Pay Increase | |
| 77. | 4/13/98 | Associate Performance Notice – Re Saturday Schedule | |
| 78. | Undated | Employee Profile of John Rex | |
| 79. | 3/97 | Photocopy of Rope | |
| 80. | Various | Relevant Documents from the Trials of the Other Plaintiffs | |
| 81. | — | Demonstrative Exhibits | |

3

| DEFT. EX. NO. | DATE | DOCUMENT[1] | BASIS FOR OBJECTION[2] |
|---|---|---|---|
| 82. | — | Impeachment Exhibits | |
| 83. | — | Rebuttal Exhibits | |
| 84. | Various | Deposition Transcripts from Leroy Thompson Trial; Tim Bolton Deposition | |
| 85. | 8/15/95 | Charge of Discrimination | |
| 86. | 4/9/91 | Exit Door Audit – Incorrect entry of item | |
| 87. | 2/6/91 | Employee Action Notice – No Increase | |
| 88. | 7/30/91 | Employee Action Notice – Transfer from Dept. 28 to Dept. 93 | |
| 89. | 8/5/91 | Employee Action Notice – Transfer from Dept. 28 to Dept. 34 | |
| 90. | 9/2/91 | Employee Action Notice – Transfer from Dept. 34 to Dept. 93 | |
| 91. | 10/14/91 | Employee Action Notice – No Increase | |
| 92. | 5/11/91 | Employee Notice – Violation of Company Polices Regarding Scheduling | |
| 93. | 4/10/91 | Employee Notice – Poor Job Performance on Follow-Up | |
| 94. | 7/15/91 | Employee Action Notice – 7% Decrease | |
| 95. | 2/13/91 | Employee Notice – Poor Job Performance regarding D.S.O.D. | |
| 96. | 2/6/91 | Employee Notice – Failure to Support Product Knowledge Program | |
| 97. | 2/12/91 | Performance Appraisal – Overall Rating of 2 | |
| 98. | 10/1/91 | Performance Appraisal; Overall Rating of 3 | |
| 99. | 1996 | EEO Policy, Harassment/Discrimination Policy, and Open Door Policy from 1996 Handbook | |
| 100. | 7/18/95 | EEOC Intake Questionnaire | |
| | | **DOCUMENT NOS. 101-185 PERTAIN TO PLAINTIFF BARRETT** | |
| 101. | 1989 | Employment Application | |
| 102. | 11/27/89 | Acknowledgement Form – Handbook | |
| 103. | 12/20/89 | Performance Appraisal; Overall Rating of 3 | |
| 104. | 2/25/90 | Employee Notice – Violation of Company Policy | |
| 105. | 3/14/90 | Employee Action Notice – Pay Rate Change | |
| 106. | 3/20/90 | Employee Action Notice – Pay Rate Change | |
| 107. | 3/20/90 | Performance Appraisal; Overall Rating of 3 | |
| 108. | 4/29/90 | Employee Notice – Good Job Performance Recognition | |
| 109. | 5/11/90 | Performance Appraisal; Overall Rating of 3 | |
| 110. | 6/11/90 | Employee Action Notice – Transfer from Dept. 29 to Dept. 28 | |
| 111. | 9/15/90 | Performance Appraisal; Overall Rating of 3 | |

| DEPT. EX. NO. | DATE | DOCUMENT[1] | BASIS FOR OBJECTION[2] |
|---|---|---|---|
| 112. | 7/16/90 | Employee Action Notice – Pay Increase | |
| 113. | 10/8/90 | Employee Notice – Improper Ad Set | |
| 114. | 10/11/90 | Performance Appraisal; Overall Rating of 3 | |
| 115. | 10/13/90 | Employee Action Notice – Pay Rate Change | |
| 116. | 1/16/91 | Employee Notice – Violation of Company Policy | |
| 117. | 2/6/91 | Employee Notice – Failure to Support Product Knowledge Program | |
| 118. | 3/15/91 | Employee Action Notice – 3% Pay Increase | |
| 119. | 3/21/91 | Performance Appraisal – Overall Rating of 3 | |
| 120. | 3/18/91 | Employee Notice – Failure to Respond to Relief Cashier Pages | |
| 121. | 4/10/91 | Employee Notice – Poor Job Performance | |
| 122. | 10/21/91 | Employee Action Notice – 5% Pay Increase | |
| 123. | 3/9/92 | Request for Leave of Absence | |
| 124. | 5/4/92 | Employee Action Notice – Transfer from Dept. 34 to Dept. 38 | |
| 125. | 5/14/92 | Letter of Resignation from Plaintiff Barrett to Grade Stewart | |
| 126. | 6/3/92 | Employee Action Notice – Termination; Personal Reasons | |
| 127. | 10/7/92 | Employment Application (Second) | |
| 128. | 11/23/92 | Employee Action Notice – Transfer from Dept. 38 to Dept. 28 | |
| 129. | 1/3/93 | Employee Action Notice – 3.6% Increase | |
| 130. | 1/11/93 | Employee Action Notice – Transfer from Dept. 28 to Dept. 26 | |
| 131. | 3/28/93 | Performance Appraisal; Overall Rating of 3 | |
| 132. | 4/2/93 | Employee Action Notice – 5.6% Increase | |
| 133. | 11/2/93 | Performance Appraisal; Overall Rating of 3 | |
| 134. | 1/94 | Daily Duties – Merchandising Department Supervisor | |
| 135. | Undated | Charging Party Questionnaire | |
| 136. | 4/2/94 | Performance Appraisal; Overall Rating of 3 | |
| 137. | 4/2/94 | Employee Action Notice – 4.5% Increase | |
| 138. | 9/20/94 | Performance Appraisal; Overall Rating of 3 | |
| 139. | 9/28/94 | Employee Action Notice – 3.4% Increase | |
| 140. | 3/21/95 | Performance Appraisal; Overall Rating of 4 | |
| 141. | 4/8/95 | Employee Action Notice – 4% Increase | |
| 142. | 6/19/95 | Intake Questionnaire | |
| 143. | 7/10/95 | Employee Action Notice – Transfer from Department 26 to Department 93 | |
| 144. | 8/14/95 | Charge of Discrimination | |
| 145. | 8/15/95 | Notice of Charge of Discrimination | |

| DEFT. EX. NO. | DATE | DOCUMENT | BASIS FOR OBJECTION[2] |
|---|---|---|---|
| 146. | 10/2/95 | Employee Action Notice – 2.5% Increase | |
| 147. | 10/31/95 | Rebuttal Questionnaire | |
| 148. | 11/7/95 | Charge of Discrimination | |
| 149. | Undated | Performance Review; Overall Rating of 2.6 | |
| 150. | 1/22/96 | Order of Determination – BCHRD; No Cause | |
| 151. | 1/22/96 | Order of Determination and Notice of Rights | |
| 152. | 2/9/96 | Notice of and Charge of Discrimination (2nd Charge) | |
| 153. | 2/15/96 | BCHRD Notice of Dismissal | |
| 154. | 3/8/96 | Employee Action Notice – 2.8% | |
| 155. | 4/10/96 | EEOC Determination – No Violation of Statute | |
| 156. | 7/5/96 | Letter from EEOC to Barrett's Counsel Re Problem with Charge Numbers | |
| 157. | Undated | Resume | |
| 158. | 1995 | EEO and Harassment/Discrimination Statement from Handbook | |
| 159. | 9/2/96 | Performance Review; Overall Rating of 3 | |
| 160. | 9/3/96 | Associate Action Notice – No Increase | |
| 161. | 9/3/96 | Policies and Procedures Re Timekeeping | |
| 162. | 10/9/96 | Job Profile – Receiving | |
| 163. | 12/2/96 | Associate Action Notice – Transfer from Store 215 to Store 258 | |
| 164. | 12/10/96 | Training Checklist – Orientation or Re-Orientation | |
| 165. | 3/26/97 | Performance Review; Overall Rating of 3 | |
| 166. | 3/26/97 | Associate Action Notice – 5% Increase | |
| 167. | 4/23/97 | Associate Performance Notice – Documentation of Time Clock Incident | |
| 168. | 7/14/97 | Associate Performance Notice Re Incident with Joe Pulvano | |
| 169. | 10/1/97 | Performance Review; Overall Rating of 3 | |
| 170. | 10/1/97 | Associate Action Notice – No Increase | |
| 171. | 3/4/98 | Performance Review; Overall Rating of 4 | |
| 172. | 3/4/98 | Associate Action Notice – 6% Increase | |
| 173. | 11/7/95 | EEOC Affidavit | |
| 174. | 6/19/95 | EEOC Intake Questionnaire w/out Attachments | |
| 175. | 3/19/97 | Fleming Statement to Marina Konchak Re Noose Incident | |
| 176. | 3/19/97 | Second Fleming Statement to Marina Konchak Re Noose Incident | |
| 177. | 3/18/97 | Watson Employee Statement Re Noose Incident | |
| 178. | 3/1997 | Barrett Statement to Marina Konchak Re Noose Incident | |

| DEFT. EX. NO. | DATE | DOCUMENT[1] | BASIS FOR OBJECTION[2] |
|---|---|---|---|
| 179. | 3/19/97 | Watson Statement to Marina Konchak Re Noose Incident | |
| 180. | 3/19/97 | John Rex Statement to Marina Konchak Re Noose Incident | |
| 181. | 3/20/97 | Lori Sciacca Statement to Marina Konchak Re Noose Incident | |
| 182. | 3/20/97 | Lori Sciacca Statement Re Noose Incident Prepared by Marla Hutchinson | |
| 183. | 3/21/97 | Investigation Summary Re Noose Incident | |
| 184. | 3/24/97 | Memo Re Apology Meeting Re Noose Incident | |
| 185. | 11/4/97 | Unsworn Declaration of Ruel Barrett | |
| 186. | 3/21/97 | John Rex, Associate Performance Notice – Violation of Company Policy Re Noose Incident | |
| 187. | 11/4/97 | Unsworn Declaration of Lionel Fleming | |

\\ODMA\PCDOCS\ATL\222843\1

Defendant reserves the right to supplement their Exhibit List.

7

| CIVIL ACTION COVER SHEET | SUPERIOR COURT DEPARTMENT County: Hampden | 04971 |
|---|---|---|

| PLAINTIFF(S) Lionel M. Fleming | DEFENDANT(S) Home Depost USA, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| Board of Bar Overseers number: | |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript, relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.: B22, B99
TYPE OF ACTION (specify): Racial Discrimination – Constructive Retaliation
TRACK: A (F)
IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ......... $........
  2. Total Doctor expenses ......... $........
  3. Total chiropractic expenses ......... $........
  4. Total physical therapy expenses ......... $........
  5. Total other expenses (describe) ......... $........
  Subtotal $........
B. Documented lost wages and compensation to date ......... $........
C. Documented property damages to date ......... $........
D. Reasonably anticipated future medical and hospital expenses ......... $........
E. Reasonably anticipated lost wages ......... $........
F. Other documented items of damages (describe)
  $........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$........
TOTAL: $........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):
TOTAL $........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _Lionel M. Fleming_ DATE: 10-4-04

A.O.S.C. 2003

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land Taking (eminent domain) | (F) | E02 Appeal from Administrative Agency G.L. c.30A | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L.c.40A | (F) | E03 Action against Commonwealth /Municipality, G.L. c.258 | (A) |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E05 All Arbitration | (X) |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of Mortgage | (X) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| A12 | Construction Dispute | (A) | C06 | Condominium lien & charges | (X) | E08 Appointment of Receiver | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (X) | E09 General Contractor bond, G.L c149,s.29,29a | (A) |
| TORT | | | EQUITABLE REMEDIES | | | E11 Workers' Compensation | (X) |
| B03 | Motor Vehicle Negligence- | (F) | D01 | Specific performance of contract | (A) | E12 G.L.c.123A s.12 (SDP Commitment) | (X) |
| | Personal injury/Property Damage | | D02 | Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | (X) |
| B04 | Other negligence- | (F) | D06 | Contribution or Indemnification | (F) | E15 Abuse Petition, G.L c.209A | (X) |
| | personal injury/property damage | | D07 | Imposition of Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| B05 | Products Liability | (A) | D08 | Minority Stockholder's Suit | (A) | E17 Civil Rights Act,G.L.c.12,s.11H | (A) |
| B06 | Malpractice-Medical | (A) | D10 | Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B07 | Malpractice-Other (Specify) | (A) | D12 | Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| B08 | Wrongful death,G.L.c.229,s.2A | (A) | D13 | Declaratory Judgment G.L.c. 231A | (A) | E25 Pleural Registry (Asbestos cases) | |
| B15 | Defamation (Libel-Slander) | (A) | D99 | Other (Specify) | (F) | E95 Forfeiture G.L.c. 94C,s.47 | (F) |
| B19 | Asbestos | (A) | | | | E96 Prisoner Cases | (F) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E97 Prisoner Habeas Corpus | (X) |
| B21 | Environmental | (F) | | | | E98 Other (Specify) | (X) |
| B22 | Employment Discrimination | (F) | | | | | |
| B99 | Other (Specify) | (F) | | | | | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [x] Yes [ ] No |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**