# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIONEL M. FLEMING, )<br><br>Plaintiff, )<br><br>v. )<br><br>HOME DEPOT U.S.A., INC., )<br><br>Defendant. ) | Civil Action No.  04-30213-MAP |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") hereby answers the Complaint of plaintiff, Lionel M. Fleming ("Fleming" or "plaintiff"), as follows:[1]

### Racial Discrimination

**1.     Home Depot has denied me promotion for Assistant Manager positions for the past 13 years because of my race as an African-American.**

1.     Home Depot denies the allegations contained in paragraph 1 of the Complaint.

**2.     I first became an employee in 1983.**

2.     Home Depot admits the allegations contained in paragraph 2 of the Complaint.

---

[1]     *Pro se* plaintiff Fleming filed a four page, single-spaced Complaint without numbered paragraphs. In order to effectively respond thereto, Home Depot is treating each sentence of the Complaint as a separate paragraph and responding thereto.  For the sake of clarity, Home Depot has restated each sentence of the Complaint with its corresponding response underneath.

3.     **I started my employment with Home Depot at the 3rd store in the company, and now there are 1,768 Home Depot Stores.**

3.     Home Depot admits that Plaintiff began his employment with Home Depot in store number 215 and that there currently are over 1800 Home Depot stores. Home Depot denies all remaining allegations contained in paragraph 3 of the Complaint.

4.     **Five times, I have completed the Direct Supervisor Training, to become an Assistant Manager.**

4.     Home Depot denies the allegations contained in paragraph 4 of the Complaint.

5.     **I am well qualified for an Assistant Manager position.**

5.     Home Depot denies the allegations contained in paragraph 5 of the Complaint.

6.     **However, since I have been with Home Depot, people who are less qualified, with less time at Home Depot, and with less experience, and people I have trained; have been promoted to higher positions.**

6.     Home Depot denies the allegations contained in paragraph 6 of the Complaint.

7.     **I have been denied the opportunity for advancement with Home Depot.**

7.     Home Depot denies the allegations contained in paragraph 7 of the Complaint.

8.     **While as an employee of Home Depot, I was Department Head of 5 different departments.**

8.     Home Depot denies the allegations contained in paragraph 8 of the Complaint.

**9.     I was Department head of Inside Gardening, Outside Gardening, Night Crew, and Hard Ware-at 2 different Home Depot stores.**

9.     Home Depot admits that Plaintiff was Department Supervisor of the Hardware Department in two separate stores.  Home Depot denies all remaining allegations contained in paragraph 9 of the Complaint.

**10.     Home Depot has denied me the opportunity of advancement, beyond this level.**

10.     Home Depot denies the allegations contained in paragraph 10 of the Complaint.

**11.     The current policy at Home Deport, is that an employee, must have the experience of being a Department Head at 1 Department, in order to advance to an Assistant Manager position.**

11.     Home Depot denies the allegations contained in paragraph 11 of the Complaint.

**12.     In 1991, while I was Department Head of Gardening, my department was rated #1.**

12.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

**13.     However, I was asked to move to the Hardware Department.**

13.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies same.

**14.    I moved to the Hardware Department and took that Department Head position.**

14.    Home Depot denies the allegations contained in paragraph 14 of the Complaint.

**15.    But, the new Department Head of Gardening could not handle the job, and I was asked to return to Department Head of Gardening.**

15.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies same.

**16.    At this time, I told Home Depot, I wanted to move up with the company, instead of moving laterally.**

16.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies same.

**17.    Home Depot then decreased my salary by 7%, and I was moved to a non-Department Head position, to a position that priced items.**

17.    Home Depot admits that, on August 14, 1991, Plaintiff was demoted from Department Manager to Receiver, which resulted in a seven percent decrease in pay. Home Depot denies all remaining allegations contained in paragraph 17 of the Complaint.

**18.    There are numerous cases, in which, I have been passed over for promotion, by white employees of Home Depot, who are less qualified than me.**

18.    Home Depot denies the allegations contained in paragraph 18 of the Complaint.

**19.    For example, October 2001, four Department Supervisor positions became available in Plumbing, Paint, Hardware, and Floor/Wall.**

19.    Home Depot admits the allegations contained in paragraph 19 of the Complaint.

**20.    I applied for all four positions, but I was only interviewed for Hardware.**

20.    Home Depot denies the allegations contained in paragraph 20 of the Complaint.

**21.    And 3 out of the 4 men hired, had never before been Department Supervisors.**

21.    Home Depot admits that three of the four individuals hired in October 2001 did not have previous experience as a department supervisor at Home Depot. Home Depot denies all remaining allegations contained in paragraph 21 of the Complaint.

**22.    Chris Catalina and Penny Allen, managers of Home Depot, informed me that Lou Corteau, was promoted to the Department Head position in Hardware, because he interviewed better than me.**

22.    Home Depot admits that Lou Corteau was selected for the Hardware Department Supervisor position. Home Depot denies all remaining allegations contained in paragraph 22 of the Complaint.

**23.    However, I am the one with more experience and I was Department Head of Hardware in 2 separate store of Home Depot in Florida.**

23.    Home Depot admits that Plaintiff was the Department Supervisor of the Hardware Department in two different stores.  Home Depot denies all remaining allegations contained in paragraph 23 of the Complaint.

**24.    The Hardware Department is one of my strongest department strengths.**

24.    Home Depot denies the allegations contained in paragraph 24 of the Complaint.

**25.    Lou Corteau, has since been promoted to an Assistant Manager position.**

25.    Home Depot admits that Louis Corteau is employed as an Assistant Store Manager.

**26.    And Seth Dihlmann, who was hired for a Department Head position at this same time, has also been promoted to an Assistant Manager position.**

26.    Home Depot admits that Seth Dihlmann has worked as Department Supervisor of the Hardware Department and as an Assistant Store Manager.  Home Depot denies all remaining allegations contained in paragraph 26 of the Complaint.

**27.    Without the opportunity to be promoted at West Springfield's Home Depot in a Department Head position, I am being held back the opportunity to advance in an Assistant Manager position.**

27.    Home Depot denies the allegations contained in paragraph 27 of the Complaint.

**28.    Also, near the end of 2003, the Lumber and Hardware Departments, promoted 2 employees.**

28.     Home Depot denies the allegations contained in paragraph 28 of the Complaint.

**29.     Both of these employees were employed at Home Depot, for a much shorter time than me.**

29.     Home Depot denies the allegations contained in paragraph 29 of the Complaint.

**30.     In fact, Michele Minniear had been employed with Home Depot for less time than me.**

30.     Home Depot admits that Michele Minniear was hired by Home Depot on April 12, 2003.  Home Depot denies all remaining allegations contained in paragraph 30 of the Complaint.

**31.     She was promoted to Department Head, and now in October 2004, she has been promoted to Assistant Manager.**

31.     Home Depot admits that Michele Minniear became Department Supervisor of the Lumber Department on December 15, 2003 and Assistant Store Manager on October 11, 2004.  Home Depot denies all remaining allegations contained in paragraph 31 of the Complaint.

**32.     These positions of Department Heads were never posted as available positions.**

32.     Home Depot denies the allegations contained in paragraph 32 of the Complaint.

**33.     And I was not notified to interview for these openings.**

33.    Home Depot denies the allegations contained in paragraph 33 of the Complaint.

**34.    And most recent, in August 2004, an employee of West Springfield's Home Depot, Rich Goncalves, has been promoted to two different Department Head positions-Lumber and Building Materials.**

34.    Home Depot denies the allegations contained in paragraph 34 of the Complaint.

**35.    In the Job Preference Process at Home Depot, I have filed for 11 different Department Head positions, including Lumber and Building Materials.**

35.    Home Depot denies the allegations contained in paragraph 35 of the Complaint.

**36.    Rich Goncalves, has only 2 years experience with Home Depot.**

36.    Home Depot denies the allegations contained in paragraph 36 of the Complaint.

**37.    I have 21 years experience with Home Depot, and I am more qualified as a Department Head, with Department Head Experience.**

37.    Home Depot admits that Plaintiff has been employed with Home Depot since 1983.  Home Depot denies all remaining allegations contained in paragraph 37 of the Complaint.

**38.    However, I was never notified or called for an interview for these positions.**

38.    Home Depot denies the allegations contained in paragraph 38 of the Complaint.

**39.    There are no people of color, in management positions, at any of the Home Depot stores in Western Massachusetts.**

39.    Home Depot denies the allegations contained in paragraph 39 of the Complaint.

## Retaliation

**40.    Home Depot has retaliated against me, because of my previous charges of racial discrimination, that I put forth against Home Depot.**

40.    Home Depot denies the allegations contained in paragraph 40 of the Complaint.

**41.    While as an employee of Home Depot store #215 in Florida in 1995, 9 African Americans, including myself filed charges thru the EEOC for Harassment/Discrimination.**

41.    Home Depot admits that, in 1995, Plaintiff filed a charge of discrimination with the Broward County Human Rights Division (Ft. Lauderdale, Florida) and the Equal Employment Opportunity Commission against Home Depot alleging race and/or color discrimination.  Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies same.

**42.    We were denied promotions; we were continually transferred monthly to different departments, which disabled us to advance in our positions.**

42.    Home Depot denies the allegations contained in paragraph 42 of the Complaint.

**43.    When a promotion position became available in our department, we were transferred to a different department.**

43.    Home Depot denies the allegations contained in paragraph 43 of the Complaint.

**44.    Coincidentally, the store manager at our store had been previously transferred to our store because of racist behavior, and during this time of our suit against Home Depot, our store closed down.**

44.    Home Depot denies the allegations contained in paragraph 44 of the Complaint.

**45.    The store manager was fired; half of the employees were transferred to Home Depot store #249, and the other half to Home Depot store #258.**

45.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and therefore denies same.

**46.    Us 9 African Americans, involved in the Discrimination/Discrimination charge were split up between these 2 stores.**

46.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore denies same.

**47.    I was moved to store #258, where it was known throughout the store that myself and the other 8 African American Home Depot employees had filed a Harassment/Discrimination charge against Home Depot.**

10

47.    Home Depot admits that Plaintiff worked in store #258 from November 25, 1996 through July 5, 1999. Home Depot denies all remaining allegations contained in paragraph 47 of the Complaint.

**48.    And at this store, in 1997, John Rex, a white employee, hung a hangman's noose on my forklift, and on a tree about the employee's picnic area (where the majority of African American's would take their breaks).**

48.    Home Depot denies all allegations contained in paragraph 48 of the Complaint.

**49.    Home Depot did not provide a sufficient punishment for that employee.**

49.    Home Depot denies all allegations contained in paragraph 49 of the Complaint.

**50.    I was told by the store manager; Chris Cook, that the individual who committed the 2 racists acts would be fired.**

50.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore denies same.

**51.    Likewise, Home Depot's Home Office Human Resource Representatives from Atlanta, Georgia, told the African American Workers that this problem would be taken care of, and the people responsible would be fired.**

51.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore denies same.

**52.**    **However, there were no people fired over these 2 racist acts.**

52.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore denies same.

**53.**    **The only action taken was by the Human Resources of our local store.**

53.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and therefore denies same.

**54.**    **The punishment was for the offending person to watch "Rose Wood," the movie.**

54.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies same.

**55.**    **The movie depicts burning, raping, and hanging of African Americans.**

55.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore denies same.

**56.**    **This was a slap in the face to all the African American Employees at Home Depot.**

56.    Home Depot denies all allegations contained in paragraph 56 of the Complaint.

**57.    Meanwhile, the lawyer involved in our previous charge of Harassment/Discrimination, involving us 9 African Americans, took all 9 complaints as individual cases, when we wanted to pursue our case as a class action.**

57.    Home Depot admits that Plaintiff removed his charge filed at the Broward County Human Rights Division and the Equal Employment Opportunity Commission and commenced a lawsuit against Home Depot in the United States District Court for the District of Florida, Miami Division (case number 96-6560-Civ-Middlebrooks), styled as *Lionel M. Fleming et al. v. Home Depot, U.S.A., Inc.* Home Depot denies all remaining allegations contained in paragraph 57 of the Complaint.

**58.    After my lawyer and I met with Home Depot Lawyers, in 1998, a small amount of money was compensated to me, and Judge Turner spoke with all parties involved.**

58.    Home Depot admits that the lawsuit styled as *Lionel M. Fleming et al. v. Home Depot, U.S.A., Inc.* (case number 96-6560-Middlebrooks) was settled on or about August 21, 1998. Home Depot denies all remaining allegations contained in paragraph 58 of the Complaint.

**59.    Referring to me, Judge Turner said, "Home Depot must do right by this young man."**

59.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and therefore denies same.

13

**60.    After these racist hate crimes were committed, Home Depot's lawyer;**
**John Wymer, Jocelyn Hunter and Sam Machete, said they would help me**
**transfer to another store, in which I could progress further into management**
**positions.**

60.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and therefore denies same.

**61.    I decided to contact Russ Founds, who was now a store manager at**
**West Springfield's Home Depot.**

61.    Home Depot admits that, in or about October 1999, Plaintiff requested a transfer from Florida to the West Springfield, Massachusetts store. Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Complaint and therefore denies same.

**62.    In Florida, I worked under Russ Founds, and I contacted Russ to see**
**if I could be transferred to West Springfield's Home Depot for a fresh start and**
**move up in the company.**

62.    Home Depot admits that Plaintiff contacted Russ Founds regarding a position in the West Springfield store. Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Complaint and therefore denies same.

**63.    When in Florida, Russ was my Assistant Manager, in the Gardening**
**Department.**

63.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and therefore denies same.

**64.     In the Home Depot Gardening Department, I was rated number 1 on the East Coast in sales, and number 3 Company Wide in sales.**

64.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and therefore denies same.

**65.     My reviews stated, I was "promote able now".**

65.     Home Depot denies the allegations contained in paragraph 65 of the Complaint.

**66.     So after speaking with Russ Founds, I flew to West Springfield twice.**

66.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and therefore denies same.

**67.     The first time, I met with Russ at the Home Depot store in West Springfield, and toured the store.**

67.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and therefore denies same.

**68.     Russ said, he saw no problem in me being promoted at Home Depot.**

68.    Home Depot lacks information or knowledge sufficient to form a belief as to the allegations contained in paragraph 68 of the Complaint and therefore denies same.

**69.    The second visit, I met with a Century 21 realtor, and looked for an apartment.**

69.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and therefore denies same.

**70.    I transferred to West Springfield's Home Depot in 1999; to make a fresh start from the racist discrimination I faced at Home Depot in Florida.**

70.    Home Depot admits that Plaintiff's transfer to the West Springfield store became effective on or about August 30, 1999.  Home Depot denies all remaining allegations contained in paragraph 70 of the Complaint.

**71.    My move to West Springfield Home Depot, was motivated by the treatment I received by Florida's Home Depot, and their Management Staff.**

71.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and therefore denies same.

**72.    I felt there was still a future for me with Home Depot.**

72.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and therefore denies same.

**73.    And after visiting with Russ Founds, I felt a promotion would have occurred within 6 months to a year.**

73.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and therefore denies same.

**74.    Now, it is 5 years later, and I have not been promoted, regardless of my excellent work record with Home Depot.**

74.    Home Depot admits that, since 1999, Plaintiff has worked as a receiving associate, sales associate, and cross merchandising.  Home Depot denies all remaining allegations contained in paragraph 74 of the Complaint.

**75.    Home Depot continues to deny me any change of promotion with Hone Depot.**

75.    Home Depot denies all allegations contained in paragraph 75 of the Complaint.

**76.    Home Depot continues to discriminate against me, and continues to retaliate against me, because of my history with Home Depot.**

76.    Home Depot denies all allegations contained in paragraph 76 of the Complaint.

**77.    Since my move to West Springfield's Home Depot, in October 1999, I should have been promoted to Store Manager by now, and I should have been receiving the salary of a Store Manager.**

77.    Home Depot denies all allegations contained in paragraph 77 of the Complaint.

**78.     As an employee of Home Depot, I feel stress, frustrated, discriminated against, under valued, and under appreciated.**

78.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and therefore denies same.

**79.     Even after these past 5 years, I still give 110%.**

79.     Home Depot denies all allegations contained in paragraph 79 of the Complaint.

**80.     Other damages, since my move to West Springfield's Home Depot, have been the loss of family contact with my 2 children.**

80.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint and therefore denies same.

**81.     My daughter has been without a father figure since I moved, and at 14, she became pregnant.**

81.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint and therefore denies same.

**82.     And now, at age 17, she is pregnant again, and not married.**

82.     Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint and therefore denies same.

**83.     My son feels abandoned, and has cut his ties with me.**

18

83.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and therefore denies same.

**84.    Since 1999, I have been in West Springfield, and I have been actively pursuing my promotion with Home Depot; however, Home Depot is denying me promotion.**

84.    Home Depot admits that Plaintiff's transfer to the West Springfield store became effective on or about August 30, 1999. Home Depot denies all remaining allegations contained in paragraph 84 of the Complaint.

**85.    I have brought my case to the Massachusetts Commission Against Discrimination in 2001.**

85.    Home Depot admits that, on April 4, 2002, Plaintiff filed a Charge of Discrimination against Home Depot with the Massachusetts Commission Against Discrimination (MCAD Docket No. 02SEM01338) and the Equal Employment Opportunity Commission (EEOC Charge No. 16CZ201824).

**86.    In 2003, Home Depot wanted to settle my case, did not want to lose me as an employee, and offered me a small amount of money.**

86.    Home Depot admits that the parties to the instant matter have engaged in settlement discussions. Home Depot denies all remaining allegations contained in paragraph 86 of the Complaint.

**87.    Recently, Home Depot offered another settlement, of a small amount of money, and on the terms that I leave the company.**

87.    Home Depot admits that the parties to the instant matter have engaged in settlement discussions.  Home Depot denies all remaining allegations contained in paragraph 87 of the Complaint.

**88.    This settlement has been dragged out and I am not satisfied with their settlement.**

88.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and therefore denies same.

**89.    I also feel that Home Depot is purposefully dragging my complaint, in hopes that I will quit.**

89.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and therefore denies same.

**90.    Therefore, I feel I can only find justice through the court.**

90.    Home Depot lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and therefore denies same.

### Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint in whole or in part fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the doctrines of waiver,

laches, and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, because plaintiff's own conduct proximately caused any harm suffered or loss incurred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, because plaintiff has suffered no damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed properly to mitigate damages, the existence of which the defendant denies, as required by law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, because the defendant's actions were at all times proper and lawful, in the advancement of legitimate business interests and responsibilities.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by statute.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part because, at all relevant times, the actions of the defendant were legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the exclusive remedy provisions of Massachusetts Workers Compensation law provided in G.L. c. 152.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, because plaintiff has failed to exhaust his administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, because all employment decisions regarding or affecting plaintiff were based upon legitimate, non-discriminatory reasons that were in no way related to plaintiff's race and/or color.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, to the extent his claims exceed the scope of, or are inconsistent with, his charge of discrimination.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this answer to modify its responses and add such affirmative defenses as warranted by additional investigation and discovery in this case.

WHEREFORE, Defendant requests that:

1.  Plaintiff's complaint be dismissed;

2.  Defendant be awarded costs and fees; and

3.  Defendant be granted such other and further relief as the Court deems appropriate.

HOME DEPOT U.S.A., INC.

By its attorneys,

Robert P. Joy (BBO# 254820)
Tracy Thomas Boland (BBO# 638878)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

Dated: November 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, *pro se*, Lionel M. Fleming, 43 Stebbins Street, Chicopee, MA 01020, by first-class mail on this 9th day of November, 2004.

Tracy Thomas Boland

23