**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | ) | |
| LIONEL M. FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-30213-MAP |
| | ) | |
| HOME DEPOT U.S.A., INC. | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION FOR A FURTHER EXTENSION OF DISCOVERY**
**DEADLINE AND CASE MANAGEMENT CONFERENCE**

Now comes the Plaintiff and moves for a further extension of 60 days to complete

discovery and non-expert depositions. In support thereof, the plaintiff states:

1. In Plaintiff's last assented to motion filed on November 23, 2005, she alerted the court that she had recently undergone a medical procedure to help correct an eye condition that she had been battling with over the past several months.

2. Despite the fact that Plaintiff's Counsel is in steady recovery since her recent medical procedure, she still suffers from blurred vision which makes it extremely difficult to read and properly prepare Plaintiff's case.

3. Although Plaintiff's counsel is able to communicate verbally and is mobile, she is still battling with the ability to read print due to the swelling in her eye, thereby making it exceedingly arduous to properly prepare Plaintiff's case.

4. Despite Counsel's medical condition, she has made diligent attempts to prepare Plaintiff's case and to meet necessary deadlines.  Due to her inability to see near objects clearly and print, it has been almost impossible to meet past deadlines

5.  Until Counsel's eye has healed completely from her recent medical procedure, it would be impossible for her physician to either prescribe corrective glasses and/or other corrective measures.

6.  In her last assented to motion filed on November 23, 2005, Plaintiff's Counsel could not have anticipated an exact time frame for recovery.  However, it is believed that Plaintiff's Counsel is in steady recovery.

7.  Plaintiff remains employed with Defendant, and it is not believed that his job is in jeopardy at this time. Although the Parties in this case have not reached a settlement agreement, Plaintiff has recently expressed interest in settling this case

8.  It is believed that the requested extension will cause no prejudice or harm to the Defendant.

WHEREFORE, the Plaintiff respectfully request that the Court grant his motion for an

extension until February 28, 2006 as the deadline for non-expert discovery and depositions and

rescheduling of the case management conference previously set for January 27, 2006 to a date

that is convenient for the Court.

LIONEL M. FLEMING,

By his attorney,

/s/ Tammy Sharif
Tammy Sharif, Esq. (BBO# 659134)
Law Firm of Tammy Sharif
The Walker Building
1242 Main Street, Suite 314
Springfield, MA 01103
Ph. 413.439.0200 Fax: 413.785.0801

Dated: December 30, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the following
attorneys of record for each party by electronic case filing.


HOME DEPOT U.S.A., INC.,
Tracy Thomas Boland
Robert P. Joy
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109