UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIONEL FLEMING,<br>      Plaintiff<br>vs.<br>HOME DEPOT INC.,<br>      Defendant | Case No. 04-30213-MAP |

## PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY

The Plaintiff, Lionel Fleming, through counsel, requests that the Court establish a new calendar for non-expert discovery of at least one hundred eighty (180) additional days in order to enable counsel to conduct both written and deposition discovery necessary to properly present this case at trial. The request is made due to the unique circumstances involved in this case.

Mr. Fleming is a twenty-three (23) year employee of Home Depot, Inc. Until 1999, Mr. Fleming worked at Home Depot stores in Florida and in 1999 he transferred to Massachusetts.. Prior to his transfer, Mr. Fleming was involved in litigation with Home Depot with respect to Home Depot's failure to advance Mr. Fleming beyond the Department Manager level. After that claim was asserted Mr. Fleming and other claimants were subjected to racial harassment by certain co-workers. Upon Mr. Fleming's arrival in Massachusetts he had to accept a demotion. It took him several years to get back to his former status of department manger. However, since arriving in Massachusetts he has been denied the opportunity to move to the next level of management, while dozens of other (non-black) candidates with significantly less time and less experience have been selected for and promoted to the Assistant Manager level.

In order to prepare this case for trial Plaintiff needs to obtain discovery from Home Depot relative to its promotion process beyond the department manager level. This includes the

objective criteria, if any, utilized by Home Depot to identify and select candidates for promotion to Assistant Manager, as well as the individual decision makers within Home Depot who bypassed Mr. Fleming on dozens of occasions.

The various evaluations of Mr. Fleming are, almost without exception, extremely favorable of him and his work performance. Time and time again he is commended for his work habits, positive relationship with customers, his willingness to do what it takes to complete the job. All in all the portrait of a valuable and able employee.

Mr. Fleming initiated this litigation at the Massachusetts Commission Against Discrimination on April 4, 2002 and the case was transferred to Hampden County Superior Court in 2004. Despite the pendency of this action for five years, Mr. Fleming still has yet to get the promotion, in fact, he is still often not even interviewed. The refusal to include Mr. Fleming in the promotion process, given the Company's clear knowledge of his expressed and long standing desire for a promotion, is evidence of discriminatory animus.

For all the foregoing reasons, the Plaintiff requests that the Court schedule a Case Management Conference and thereafter permit the Plaintiff an additional 180 days within which to complete non-expert discovery.

**The Plaintiff,**
**Lionel Fleming**

By: _____
Timothy J. Ryan, BBO#551680
Ryan & Downey, P.C.
1441 Main Street, Suite 1040
Springfield, MA 011030-1450
T: (413) 214-6080
F: (413) 214-6085

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on March 19, 2007

Timothy Ry—