UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
LIONEL M. FLEMING,                  )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )   Civil Action No.  04-30213-MAP
                                    )
HOME DEPOT U.S.A., INC.,            )
                                    )
         Defendant.                 )
_____)

**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY**

Defendant Home Depot U.S.A., Inc. ("Defendant") hereby opposes Plaintiff Lionel Fleming's ("Plaintiff") Motion To Re-Open Discovery.  As explained more fully below, Plaintiff's Motion should be denied because of the extreme delay that has plagued this case and the fact that Plaintiff already has enjoyed a greatly extended time period in which to conduct discovery due to four extensions to the deadline for fact discovery Finally, Plaintiff's attorney failed to comply with Local Rule 7.1 as he did not confer with defense counsel about the issue of re-opening discovery prior to filing his Motion. For these reasons, Plaintiff's Motion should be denied and the Court should set a schedule for summary judgment.

**I.     PROCEDURAL HISTORY OF THE CASE**

    **A.     History of the case and fact discovery deadline.**

The incident from which the Complaint in this case stems occurred in October 2001.  On April 4, 2002, Plaintiff filed a Charge at the MCAD.  In ***October 2004***, Plaintiff filed the Complaint in this case alleging discrimination on the basis of race

(failure to be promoted) and retaliation. Plaintiff remains a current employee of Defendant and received a sought-after promotion in the past year.

The original scheduling order set fact discovery to close in September 2005. Due in part to Plaintiff's former attorney's (Attorney Tammy Sharif) medical issue, the following extensions to the deadline for fact discovery were issued: November 29, 2005; December 30, 2005; February 28, 2006; and May 1, 2006.

### B.     Discovery Propounded By The Parties.

In March 2005, Defendant served its First Set of Interrogatories and First Request for Production of Documents on Plaintiff. Plaintiff did not serve responses to that discovery until months later in August 2005. In October 2005, Defendant conducted the deposition of Plaintiff.

Although he had over one and one-half years to conduct fact discovery (the majority of such time during which he was represented by counsel), Plaintiff failed to propound any written discovery or notice any depositions.

### C.     History of Plaintiff's Representation and Mediation.

On April 25, 2006, Attorney Sharif filed a Motion To Withdraw, which the Court allowed on May 1, 2006. The Court then gave Plaintiff until July 31, 2006 to either find new counsel or express his intention to appear *pro se*. On August 4, 2006, Plaintiff reported to the Court his intention to appear *pro se*.

On December 13, 2006, Plaintiff, *pro se*, and defense counsel appeared for mediation. Mediation was unsuccessful. At that time, Plaintiff requested another opportunity to retain new counsel. On December 14, 2006, the Court ordered

Plaintiff or his new counsel to report to the court no later than January 31, 2007 regarding whether Plaintiff will proceed *pro se* or with an attorney.

On February 2, 2007, Plaintiff filed a letter request, which the Court construed as a motion for extension of time. The Court allowed that Motion and ordered Plaintiff's new counsel to file an appearance on or before March 31, 2007; if no appearance was filed by that date, the Court would require Plaintiff to proceed representing himself. On March 19, 2007, Attorney Ryan filed his appearance on behalf of Plaintiff.

## II. DEFENDANT HAS BEEN PREJUDICED BY THE DELAY IN THIS CASE AND WILL SUFFER FURTHER PREJUDICE IF DISCOVERY IS RE-OPENED.

"The Federal Rules must be construed to secure not only the 'just' but the 'speedy' determination of every action. Fed.R.Civ.P. 1. A litigant who desires to avail himself of the benefices [sic] of the rules has an obligation to employ reasonable diligence in doing so." *Real v. Hogan,* 828 F.2d 58, 63 (1st Cir.1987).

As explained above, Defendant has been patient through four extensions to the discovery deadline in this case. It has been nearly one year since the last of those deadlines with virtually no activity by the Plaintiff in this case. Although Defendant is sympathetic to Attorney Sharif's medical issue, that does not excuse all of the delay in this case. First, approximately eight months passed between the Local Rule 16.3 case management conference (January 21, 2005) and the first request for an extension to the discovery deadline (which was filed on September 12, 2005). Plaintiff conducted no discovery took place during that period. Three extensions followed. Then, four months passed from the date on which Plaintiff initially indicated his intention to appear *pro se* (on August 4, 2006) and his subsequent request for more time to find new counsel

3

(December 13, 2006). Plaintiff did not seek to reopen discovery during that time. Indeed, even accounting for the medical issue presented by Plaintiff's former counsel, Plaintiff had significant opportunity to conduct discovery and failed to do so.

Due to the amount of time that has passed, if the Court allows Plaintiff's Motion, Defendant will be forced to duplicate its cost in updating Plaintiff's deposition testimony and written discovery responses. Moreover, the incident from which this claim stems occurred nearly six years ago in October 2001. Each extension to the fact discovery deadline carries with it the potential loss of witnesses and fading memories. Simply put, Defendant should not be penalized in the defense of its case in this manner in light of Plaintiff's failure to prosecute his case. *See e.g., Span East Airlines Inc. v. Digital Equipment Corp.,* 486 F.Supp. 831, 835 (D.Mass.1980) (denying leave to amend since defendant is unduly prejudiced by fact that the case has been pending for four years and defendant would need to reopen discovery to defend the new claim); *Gabrielson v. Coyne*, 2001 WL 873055, *2-3 (D.N.H. 2001) (denying motion to amend requiring reopening of discovery where party obtained new counsel late in litigation because to do so would prejudice non-moving party); *St. Joseph Hospital v. INA Underwriters Ins. Co*., 117 F.R.D. 19, 23 (D.Me. 1987) (denying late motion to designate additional expert where discovery would have to be reopened resulting in expense and effort to defendant on grounds that defendant would be forced to bear this cost due to plaintiff's delay).

For these reasons, the instant Motion should be denied.

### III.    PLAINTIFF FAILED TO COMPLY WITH LOCAL RULE 7.1

Local Rule 7.1(2) provides that "[n]o motion shall be filed unless counsel certify that they have attempted in good faith to resolve or narrow the issue." Plaintiff did not

include a certificate of compliance with Local Rule 7.1 because he did not discuss the issues addressed by the instant Motion with defense counsel prior to filing it. For these reasons, Plaintiff violated Local Rule 7.1(2) and the Motion should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Plaintiff's Motion To Re-Open Discovery should be denied and the Court issue a schedule for motions pursuant to Fed. R. Civ. P. 56.

        Respectfully Submitted,
        HOME DEPOT U.S.A., INC.

        By its Attorneys


        /s/ Tracy Thomas Boland
        Robert P. Joy, Esq.  (BBO# 254820)
        Joseph McConnell, Esq. (BBO# 566412)
        Tracy Thomas Boland, Esq. (BBO# 638878)
        Morgan, Brown & Joy, LLP
        200 State Street
        Boston, MA 02109
        617 523-6666

Dated:  March 22, 2007


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel for the plaintiff, Timothy J. Ryan, by electronic notification, this 22nd day of March 2007.

        /s/ Tracy Thomas Boland
        Tracy Thomas Boland