UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIONEL FLEMING,<br>　　　　　　　　Plaintiff<br>vs.<br>HOME DEPOT INC.,<br>　　　　　　　　Defendant | Case No. 04-30213-MAP |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S DENIAL OF PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

　　The Plaintiff requests this Court to reconsider and reverse its denial of Plaintiff's Motion to Extend Discovery. The Court's denial of the Motion to Extend Discovery is at odds with the Court's treatment of similar Motions made by Plaintiff or Plaintiff's prior counsel, and in direct variance with the Court's Further Scheduling Order of December 14, 2006, in which the Court stated that provided Plaintiff secured new counsel the Court would address the issue of re-opening discovery.

　　Further, as detailed below, the Plaintiff has not conducted any discovery in this action and the denial of the Plaintiff's Motion to Extend Discovery works a decided disadvantage to the Plaintiff.[1] Plaintiff's prior counsel conducted no discovery while she represented Plaintiff in this action and the Plaintiff while representing himself, pro se, simply did not have sufficient experience or the knowledge to conduct discovery.

　　Under Local Rule 16.1(g) the Court has the authority to modify Scheduling Orders upon a showing of good cause. The Plaintiff submits that there is good cause for the Court to Reconsider its Order and allow a further extension for discovery.

**FACTS**

　　Lionel Fleming is a 23 year employee of Home Depot, Inc. Mr. Fleming was first promoted to departmental supervisor in <u>June 1990</u>. The next level beyond department supervisor

---

[1] Plaintiff filed a claim with the MCAD and in connection with that claim was represented by Attorney Robert Dambrov of Cooley Shrair who conducted documentary discovery in 2003 and 2004. While some of the discovery was detailed, it is insufficient for the purposes of responding to and defending the upcoming summary judgment motion, let alone permitting the plaintiff to bear its burden of proof.

is assistant manager. Despite numerous requests for promotion, as well a the institution of two suits in which he has challenged Home Depot's refusal to promote him, Mr. Fleming remains locked at the department supervisor position.

This case was filed with the Massachusetts Commission Against Discrimination in 2002. By virtue of this suit, Home Depot is on irrefutable notice of Mr. Fleming's unquenched desire for a promotion. Mr. Fleming has set forth in his Complaint the fact that he has been repeatedly bypassed by younger, less experienced, and non-African-American individuals for department supervisor and assistant manager positions. Mr. Fleming maintains that he has repeatedly applied for positions by means of Home Depot's electronic job posting process and that he is constantly by passed and overlooked.

Home Depot in it Answer to Mr. Fleming Pro Se Complaint while generally denying the claim of race discrimination, admits: (1) that Mr. Fleming had served as a Department supervisor of various departments; (2) that he applied for four department supervisor positions in October 2001 and that he was not selected; (3) Home Depot selected three individuals with no prior department supervisor experience instead of Mr. Fleming and two of them have risen to the Assistant Manager level; (4) a white female in initially hired in April 2003 was made an Assistant Manager in October 2004.

## PROCEDURAL HISTORY

As noted above, Mr. Fleming filed a Pro Se Complaint with the Hampden County Superior Court removing his claim from the Massachusetts Commission Against Discrimination due to the then approaching three year statute of limitations. The case was removed by the Defendant to the United States District Court on November 2, 2004.

Attorney Tammy Sharif entered an appearance for Mr. Fleming on December 23, 2004. The initial Scheduling Order of January 24, 2005 set a close for all written discovery and non-expert depositions to be completed by September 29, 2005. Thereafter on September 21, 2005, November 23, 2005, December 30, 2005 and February 28, 2006 Attorney Sharif filed four separate Motions to Extend Discovery due to medical issues that Attorney Sharif was experiencing as detailed in her motions.

Judge Ponsor in rulings dated October 5, 2005, November 29, 2005, January 5, 2006 and March 1, 2006 granted all four Continuances requested by Attorney Sharif. On April 25, 2006

Attorney Sharif filed a Motion to Withdraw as counsel with a Memorandum in Support which the Court allowed May 1, 2006.

On August 21, 2006 Attorney Boland wrote a letter to the Court, Docket No. 28, stating that:

> "Due to former plaintiff's counsel's health problems, this case understandably was inactive for many months prior to time. As a result, it has been a long while since any progress has been made towards resolution of this matter.
>
> Although we understand the previous unavoidable delays, would like to get this case back on track."

Thereafter, the parties appeared for a Scheduling Conference before the Court on September 28, 2006. Subsequently, the parties appeared before Judge Ponsor for mediation on December 13, 2006 which was unsuccessful. Thereafter the Court in a Further Scheduling Order dated December 14, 2006, set a January 31, 2007 deadline for Plaintiff to obtain new counsel. That Further Scheduling Order stated:

> **3.    If new counsel for Plaintiff appears in the case, the Court will set the matter for a status conference to establish a schedule for pretrial proceedings. At this conference the Court may address, if the plaintiff wishes, the possibility of reopening discovery briefly in light of the appearance of new counsel.**

On February 1, 2007, the Court endorsed Mr. Fleming's Pro Se request for an extension of the December 14, 2006 Further Scheduling Order. Attorney Timothy J. Ryan entered an Appearance on behalf of Plaintiff Lionel Fleming on March 19, 2007 filing therewith Plaintiff's Motion to Extend Discovery. The court's Order of March 23, 2007 in addition to denying the requested discovery extension, set a schedule for summary judgment filings

## DISCOVERY STATUS

The Plaintiff appeared for and was deposed by Defendant's counsel. Plaintiff's former counsel in this litigation did not initiate any discovery. There is no written discovery, document requests, nor any depositions of Home Depot, Inc., or the individual decision makers who by-

passed Mr. Fleming. . [2] While former counsel Attorney Robert Dambrov conducted some discovery in connection with the MCAD matter, that discovery consists solely of interrogatories and document requests.

Due to the inherent complexities and difficulties of a discrimination case, based on indirect evidence, plaintiff's counsel submits that the current state of the evidence makes it exceedingly difficult for plaintiff to establish its evidentiary burdens.

1. THE COURT'S DENIAL OF THE MOTION TO EXTEND DISCOVERY SUBSTANTIALLY PREJUDICES PLAINTIFF'S ABILITY TO PRESENT A CASE

Discrimination cases, as the Court well knows, are seldom proven through direct or "smoking gun" evidence. Rather, proof of discrimination claims involve the weighing of discrete bits of evidence and inferences to be drawn there from. This case is an indirect evidence case claiming that Mr. Fleming has been systematically bypassed for promotion.

At the same time, younger, less experienced, white employees have repeatedly zoomed past Mr. Fleming on the promotion ladder. Other than anecdotal evidence at this point Mr. Fleming has no tangible, documentary evidence defining the number, let alone the relevant skill set and experience, of individuals who have passed him by.

Home Depot will argue that all of these individuals had greater experience, skill and other characteristics used in the decision making process. All, or virtually all, of the individuals who had passed Mr. Fleming are white.

In order to prepare Plaintiff's case, and a meaningful opposition to Home Depot's expected Summary Judgment Motion, plaintiff needs to analyze the relevant facts and figures regarding hiring, promotion, and the defendant's assertions as to the people it promoted.

2. THE COURT IMPROPERLY PLACED THE ONUS ON PLAINTIFF FOR FAILING TO TIMELY COMPLETE DISCOVERY.

---

[2] Plaintiff's current counsel conferred with Attorney Boland to determine if Plaintiff initiated any discovery in this action and Attorney Boland confirmed that prior Plaintiff's counsel did not initiate any discovery during her representation of Mr. Fleming.

4

The Court in its Order denying Plaintiff's Motion to Extend Discovery chides the Plaintiff for his present predicament noting "Plaintiff himself has had more than a fair and adequate opportunity to arrange for representation and conduct discovery."

The Court overlooks the fact that Mr. Fleming was represented by counsel in this case from October 2004 through May 2006 when the Court allowed prior counsel's Motion to Withdrawal. Plaintiff reasonably relied on his counsel to secure the discovery necessary to get this case read for trial. Plaintiff's counsel did not initiate any discovery during this time frame. Mr. Fleming implicitly assumed that his lawyer was going to do what was necessary to get his case ready to present to the Court. However, the fact of the matter is that nothing was done by prior counsel in terms of discovery and Mr. Fleming should not be faulted for that failure.

Further, the record before the Court contains some evidence of Mr. Flemings attempt to retain successor counsel. Candidly, plaintiff's employment claims in the Federal Court are not part of every lawyer's practice. The evidentiary and burden of proof issues, as well as the very contingent nature of recovery, cause reasoned practitioners to shy away from cases such as this. As such, Mr. Fleming did experience significant delays in retaining new counsel. However, given the procedural posture of this action these delays should not be surprising.

3. THE COURT SHOULD NOT RETREAT FROM ITS DECEMBER 14, 2006 SCHEDULING ORDER.

This Court has a record of precision and clarity in its written orders. The Court's December 14, 2006 Scheduling Order provided: (a) that if plaintiff continued with Pro Se representation a schedule would be set for summary judgment motions and (b) if new counsel appeared the Court would address the possibility of re-opening discovery.

Based upon this language, counsel filed an Appearance with a Motion to Extend Discovery. The substantive legal and factual issues underpinning this case require broad discovery. The Plaintiff has been denied meaningful assistance from his prior counsel, due to her well documented health issues, as well as Plaintiff's inability to secure successor counsel up to the present. Mr. Fleming has complied with the letter and the spirit of the Court's Orders. It is submitted that he has meritorious claim. However, he has been as frustrated as the Court, with respect to his inability to take discovery.

For these reasons, the Plaintiff requests the Court to revisit and reverse its most recent order set forth a brief period of 120 to 180 days for Plaintiff to complete discovery.

>The Plaintiff,
>Lionel Fleming
>
>By: /s/ Timothy J. Ryan
>Timothy J. Ryan, BBO#551680
>Ryan & Downey, P.C.
>1441 Main Street, Suite 1040
>Springfield, MA 011030-1450
>T: (413) 214-6080
>F: (413) 214-6085

### Certificate of Compliance

I, Timothy J. Ryan, hereby certify that pursuant to Local rule 37.1, I conferred, via telephone, with Defendant's counsel, Attorney Boland, regarding the filing of this Motion of Reconsideration in a good faith attempt to narrow the areas of disagreement.

/s/ Timothy J. Ryan

### Certificate of Service

I, Timothy J. Ryan, hereby certify that I have caused a copy of this motion to be served on counsel for the Defendants, via U.S. Mail, postage prepaid, on this the 18th day of April, 2007.

/s/ Timothy J. Ryan