UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
LIONEL M. FLEMING,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )    Civil Action No.  04-30213-MAP
                                  )
HOME DEPOT U.S.A., INC.,          )
                                  )
        Defendant.                )
_____)

**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Home Depot U.S.A., Inc. ("Defendant") hereby opposes Plaintiff Lionel Fleming's ("Plaintiff") Motion For Reconsideration Of Court's Denial Of Plaintiff's Motion To Extend Discovery.  For the reasons set forth in Defendant's Opposition to Plaintiff's Motion To Re-Open Discovery and in the Court's Order dated March 23, 2007, the instant Motion should be denied as Plaintiff has had a more than sufficient period of time to conduct discovery and failed to do so.

Defendant relies largely on the facts and arguments it set forth in its Opposition to Plaintiff's Motion To Re-Open Discovery and incorporates them herein.  Defendant, however, responds as follows to the points Plaintiff raises for the first time in his Motion For Reconsideration.

   **1.   The Nature Of Plaintiff's Case Should Have No Bearing On Whether
          The Court Should Re-Open Discovery.**

The Court's denial of Plaintiff's Motion To Re-Open Discovery was grounded in the extreme delay in this case and Plaintiff's failure to conduct discovery during the

extended period of time he was granted to do so. Plaintiff cites no authority for his contention that the Court should consider the nature of his case and the type of evidence required to prove his case when ruling on the instant Motion likely because there is none.[1] This is not a reason to allow the instant Motion.

2. **Defendant Should Not Be Prejudiced Due To Plaintiff's Former Counsel's Conduct And The Conduct Of Plaintiff *Pro Se*.**

Plaintiff submits the Court "improperly places the onus on Plaintiff for failing to timely complete discovery" because all he could be expected to do was trust his attorney would get the discovery done. First, during the course of Plaintiff's representation by Attorney Sharif, Plaintiff was on notice of her medical condition, which necessitated the multiple extensions to the discovery deadline. If Plaintiff was concerned about the delay, he had every right to bring his case to a new attorney. Moreover, Plaintiff does not address the fact that four months passed from the date on which Plaintiff initially indicated his intention to appear *pro se* (on August 4, 2006) and his subsequent request for more time to find new counsel (December 13, 2006). Plaintiff failed to conduct any discovery during that period of time as well.

In any event, Defendant should not be prejudiced due to Plaintiff's former counsel's conduct and the conduct of Plaintiff *pro se*, which would be the result if the Court re-opens discovery.

---

[1] In Plaintiff's Motion for Reconsideration, Plaintiff asserts facts related to the race and age of other Home Depot employees who allegedly have been promoted to positions he desires. This information is inappropriately before the Court as the Motion is not verified and is not supported by a sworn affidavit. Moreover, Plaintiff's assertions of this type belie his allegation that he has no information about the workforce at the store where Plaintiff is employed or the promotions within that workforce.

2

### 3. The Court Did Not "Retreat" From Its December 14, 2006 Order.

Plaintiff has not accurately restated the Court's Order dated December 14, 2006. In that Order, the Court wrote, in relevant part, that if Plaintiff obtained new counsel, "the Court *may* address, if the plaintiff wishes, the *possibility* of reopening discovery briefly in light of the appearance of new counsel." (emphasis added). The Court did not "retreat" from this Order, as Plaintiff suggests. Rather, the Court, as promised, considered Plaintiff's request to re-open discovery and chose to deny it. Moreover, Plaintiff contends the Court's denial of his Motion To Re-Open Discovery is "at odds with" the fact that the Court granted four extensions to the discovery deadline while Attorney Sharif represented Plaintiff. As the Court will remember, Attorney Sharif filed those requests for extensions due to a serious medical condition from which she was suffering. Certainly, the circumstances of those extensions are different than the circumstances here.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Plaintiff's Motion For Reconsideration Of Court's Denial Of Plaintiff's Motion To Extend Discovery be denied.

> Respectfully Submitted,
> HOME DEPOT U.S.A., INC.
>
> By its Attorneys,
> /s/ Tracy Thomas Boland
> Robert P. Joy, Esq.  (BBO# 254820)
> Joseph McConnell, Esq. (BBO# 566412)
> Tracy Thomas Boland, Esq. (BBO# 638878)
> Morgan, Brown & Joy, LLP
> 200 State Street
> Boston, MA 02109
> 617 523-6666

Dated: April 24, 2007

3

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon counsel for the plaintiff, Timothy J. Ryan, by electronic notification, this 24th day of April 2007.

                                                        /s/ Tracy Thomas Boland  
                                                         Tracy Thomas Boland