UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
LIONEL M. FLEMING,                  )
                                    )
       Plaintiff,                   )
                                    )
v.                                  )   Civil Action No. 04-30213-MAP
                                    )
HOME DEPOT U.S.A., INC.,            )
                                    )
       Defendant.                   )
_____)

## DEFENDANT'S FINAL PRETRIAL MEMORANDUM

Pursuant to the Court's Procedural Order dated May 8, 2007, Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby provides its Final Pretrial Memorandum.

**I.    CONCISE STATEMENT OF FACTS AND EVIDENCE**

Plaintiff currently works for Home Depot and has done so since 1983. He began in a Florida store. In 1999, Plaintiff transferred to the West Springfield, Massachusetts store as an Associate. In all, Plaintiff experienced ups and downs in his performance as an Associate. While at the West Springfield store, Plaintiff worked as a Sales Associate and Cross-Merchandising Associate until his promotion to Department Head in May 2006.

Plaintiff served his Complaint on October 13, 2004, which asserted claims for race discrimination (failure to promote) and retaliation (for having filed a lawsuit against Home Depot in Florida in 1996). At the time Plaintiff filed the instant matter, he was an Associate claiming Home Depot failed to promote him to the next level (Department Head).

Specifically, Plaintiff's discrimination claim stems from an October 2001 promotion opportunity during which four (4) Department Head positions were available. Plaintiff was selected to interview for these positions but was not awarded a promotion at that time. The evidence reveals that the reason Plaintiff was not selected for promotion at that time was because the candidates chosen for the positions were better qualified than Plaintiff, having received higher ratings on their most recent performance evaluations exhibiting superior knowledge and skills than Plaintiff. Also contributing to the decision was Plaintiff's apparent lack of interest and enthusiasm for the promotion, which was demonstrated in comments he made to an Assistant Store Manager, Ken Thompson.

Shortly after he was denied that promotion, however, Plaintiff was offered a different Department Head position in the Tool Rental department.[1] Plaintiff rejected that promotion. Again, shortly after that, on or about October 24, 2001, Plaintiff interviewed for, and was offered, yet another Department Head position in the Auburn, Massachusetts store. Plaintiff rejected that promotion as well.

After Plaintiff rejected these two promotion opportunities, West Springfield managers continued to offer Plaintiff the opportunity to interview. Since that time, until 2006, Plaintiff repeatedly refused to even interview for Department Head promotions available to him, responding that "the timing was not right," "his lawyer advised against it," or answers to that effect. This type of exchange occurred between the managers and Plaintiff from 2001 into 2006.

In early 2006, when Plaintiff finally accepted his manager's offer to interview for a Department Head position, he was awarded that promotion. Since May 8, 2006,

---

[1] Plaintiff's interview for the October 2001 position remained active for sixty (60) days so he did not have to interview again.

Plaintiff has been a Freight Department Supervisor. Indeed, during Plaintiff's employment at the West Springfield store, five other African-American employees were promoted or hired to Department Head positions (and one of those employees subsequently was promoted further to an Assistant Store Manager position).

Plaintiff remains employed at Home Depot and the undisputed record reveals no evidence of emotional distress.

## II.     CONTESTED ISSUES OF FACT

Defendant intends to file a Motion for Summary Judgment and contends no disputed issues of material fact exist in this case. Defendant, however, anticipates Plaintiff will seek to survive summary judgment on the following.

- Plaintiff denies he was offered as many opportunities to interview for Department Head positions as Defendant claims he was offered (though he admits to rejecting a number of such opportunities).

- Plaintiff alleges he did not completely understand how to use the computer system (Job Preference Process or "JPP") utilized by employees to register their interest in certain promotions. Home Depot asserts all employees were trained on JPP. Regardless, Plaintiff admits that he rejected a number of Home Depot's verbal offers to interview for Department Head positions, which were offered to Plaintiff despite whether he had correctly registered for that position in JPP (making his training on JPP immaterial to this claim).

- Plaintiff asserts he interviewed only for the Hardware Department Head position in October 2001 and that position was awarded to a Caucasian male employee with less experience than he. All individuals, including Plaintiff, who were interviewed

for the four (4) available Department Head positions in October 2001 were considered for all four (4) open positions. As a result, Plaintiff cannot point to any one of those four (4) individuals as the individual who was awarded the promotion he sought.

- Plaintiff alleges retaliation by Home Depot both for his having filed a prior lawsuit against Home Depot in Florida on the basis that many people at the West Springfield Home Depot knew about that lawsuit. Christopher Catalina, Assistant Store Manager at the time of Plaintiff's arrival and current Store Manager, recalls Russ Founds, the then-Store Manager who was friendly with Plaintiff, mentioning that Plaintiff had a lawsuit against Home Depot in Florida and nothing more. Upon information and belief, Plaintiff's prior litigation against Home Depot was not known by others in management at the West Springfield Home Depot. Finally, there is no evidence in the record that Plaintiff's lawsuit, in another state, five years earlier, was considered by the decision-makers in the October 2001 promotion process for the four (4) Department Head positions at issue in this case.

- Plaintiff denies having made comments to Ken Thompson indicating a lack of enthusiasm in the October 2001 opportunity to be promoted to Department Head.

### III. ISSUES OF LAW

#### A. Failure to promote claim

Plaintiff cannot establish his *prima face* case of discrimination because he cannot show he was qualified for the positions to which he claims he was not promoted. *See Ingram v. Brinks, Inc.,* 414 F.3d 222, 230 (1st Cir. 2002); *Radvilas v. Stop & Shop, Inc.,* 18 Mass. App. Ct. 431, 439-40 (1984). In October 2001, Plaintiff was not as qualified as those selected for the promotions as the candidates promoted all had higher ratings on

their recent performance evaluations than Plaintiff, exhibiting superior skills and knowledge than Plaintiff.  Also, Plaintiff exhibited a lack of enthusiasm for the promotion in comments he made to an Assistant Store Manager.

Moreover, Plaintiff cannot show that only other employees with similar qualifications who were not members of his protected class were promoted at the time.  Moreover, at least one non-white employee was selected for a Department Head position in October 2001 when Plaintiff interviewed for the same promotion.  Also, five African-American employees (other than Plaintiff) have been selected for Department Head positions at other times in that store (one of whom went on to become an Assistant Store Manager) during the course of Plaintiff's employment there.

### B.     Retaliation claim

With regard to the retaliation claim, there is no evidence of a link between any protected activity and an adverse employment action.  *See Douglas v. J.C. Penney, Inc.,* 474 F. 3d 10, 15 (1st Cir. 2007); *Hernandez-Torres v. Intercontinental Trading, Inc*., 158 F.3d 43, 47 (1st Cir. 1998).  First there is no evidence any decision-maker in Massachusetts was knowledgeable about his Florida lawsuit, let alone retaliated against him for it.   Plaintiff admitted he never made any internal complaints about race discrimination (in promotions or otherwise) or retaliation.  In addition, the Florida lawsuit was filed in 1996 and settled in 1998.  The promotion opportunity from which this matter stems occurred in 2001.  The alleged adverse employment action is far too remote from the protected activity to serve as the basis of a retaliation claim.  *See Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 828 (1st Cir.1991) (finding nine months between protected activity and adverse employment action too long to infer a causal connection).

Moreover, the Florida store and the West Springfield, Massachusetts store are in different divisions, which means they are managed by different groups of managers on the store, regional, and district level.

There is an unassailable legitimate, business reason why Plaintiff did not receive the October 2001 position (more experienced employees), and Plaintiff has provided no evidence to support a causal connection between his protected activity and failure to be promoted.

### C.    Damages

Plaintiff has no reasonably identifiable damages.  Plaintiff remains employed at Home Depot today.  Moreover, there is absolutely no evidence in the record of emotional distress.

### D.    Evidentiary issue

This lawsuit stems from the October 2001 Department Head position for which Plaintiff interviewed but was not awarded.  Plaintiff's testimony and answers to written discovery suggest Plaintiff seeks to fold into this lawsuit each opportunity to be promoted that he allegedly was wrongfully denied after October 2001.  Plaintiff, however, has never sought leave to amend his Complaint to add these other alleged wrongful denials of promotion, which occurred after the October 2001 process.  As a result, evidence relating to any subsequent "failure to promote" incidents is not properly before this Court.  *See National R.R. Passenger Corp. v. Morgan*, 122 S. Ct. 2061, 2073 (2002) ("Discrete acts such as . . . failure to promote . . . are easy to identify.  Each incident of discrimination . . . constitutes a separate unlawful employment practice . . . .")  For this reason, Plaintiff

6

should not be permitted to introduce evidence related to every opportunity to be promoted after October 2001 that he claims he was wrongfully denied.

### E. Statute of Limitations issue

Plaintiff filed his Massachusetts Commission Against Discrimination charge on April 4, 2002. At that time,[2] G.L. c. 151B, §5 required that charges be filed within six months of the alleged discriminatory act. *See Cuddyer v. The Stop & Shop Supermarket Company*, 434 Mass. 521, 531 (2001). Accordingly, all events prior to October 5, 2001 are untimely.

## IV. LENGTH OF TRIAL

Defendant estimates three (3) to five (5) days for trial.

## V. WITNESSES

Defendant has not finalized its witness list at this date and reserves the right to supplement the following in accordance with the Federal Rules of Civil Procedure. Currently, in addition to Plaintiff, Defendant intends to call the following individuals to testify in its defense of this matter:

- Christopher Catalina

Mr. Catalina is the West Springfield Store Manager and was the Assistant Store Manager when Plaintiff started at the West Springfield store. He likely will testify regarding Plaintiff's employment history, company policies, and the Job Preference

---

[2] The correct time limit in which to file MCAD claims is 300 days. *See* G.L. c. 151B § 5 (as amended by c. 223 of the Acts of 2002); 804 C.M.R. 1.10(2). However, the increased limitations period only applies to claims arising after November 5, 2002. (c. 223 of Acts of 2002, §4). For discrimination claims that accrued prior to November 5, 2002, the prescribed period was six months after the alleged act of discrimination. G.L. c. 151B, § 5 (prior to amendment).

Process. Moreover, Mr. Catalina will testify regarding the October 2001 interview process which did not result in a promotion for Plaintiff, as well as the 2001 department supervisor position in West Springfield and the 2001 department supervisor position in the Auburn, Massachusetts store, both of which Plaintiff rejected. Finally, Mr. Catalina will testify about his multiple other offers to interview for department supervisor positions, which Plaintiff also rejected.

- Gus Russo

Mr. Russo is the current West Springfield Store Human Resources Manager (and has been since April 17, 2006). Mr. Russo is likely to testify regarding company policies and the Job Preference Process.

- Ken Thompson

Mr. Thompson was an Assistant Store Manager at the West Springfield store during the relevant time period. He can testify to comments made by Plaintiff exhibiting Plaintiff's apparent lack of enthusiasm for the Department Head position during the interview process in October 2001.

- Tammy Dupree

Ms. Dupree was the Store Manager at the Auburn, Massachusetts Home Depot during the relevant time period. Ms. Dupree can testify to the fact that she interviewed Plaintiff for a Department Supervisor position there in October 2001 and offered him the position. Ms. Dupree has knowledge and information relating to this job offer and Plaintiff's rejection thereof.

## VI.  PROPOSED EXHIBITS

Defendant has not finalized its exhibit list and reserves the right to supplement the following in accordance with the Federal Rules of Civil Procedure:

- Plaintiff's personnel records

- Warnings and discipline notices related to Plaintiff's performance, including Performance Tracking Discussion notes.

- Plaintiff's training tracking report

- Plaintiff's Job Preference Process registration report

- Personnel files of four (4) employees who were promoted to Department Head in October 2001.

- Home Depot policies related to the Job Preference Process system and the interview and hiring/promotion process for the Department Head position.

- Home Depot Harassment/Discrimination policy, Respect for all People policy, and Open Door policy.

- Plaintiff's MCAD charge and related filings.

          Respectfully Submitted,

          HOME DEPOT U.S.A., INC.
          By its Attorneys

          <u>/s/ Tracy Thomas Boland</u>
          Robert P. Joy, Esq.  (BBO# 254820)
          Joseph McConnell, Esq. (BBO# 566412)
          Tracy Thomas Boland, Esq. (BBO# 638878)
          Morgan, Brown & Joy, LLP
          200 State Street
          Boston, MA 02109
          (617) 523-6666

Dated: October 2, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon counsel for the plaintiff, Timothy J. Ryan, Ryan & Downey, P.C., 1441 Main Street, Suite 1040, Springfield, Massachusetts 01103, by electronic notification, this 2nd day of October, 2007.

                                                 /s/ Tracy Thomas Boland
                                                 Tracy Thomas Boland