UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIONEL FLEMING,<br>                Plaintiff<br>vs.<br>HOME DEPOT INC.,<br>                Defendant | Case No. 04-30213-MAP |

## PLAINTIFF'S FINAL PRE-TRIAL CONFERENCE MEMORANDUM

**1.  Concise Statement of Facts and Evidence:**

Lionel Fleming is a twenty-four (24) year employee at Home Depot. During his time at Home Depot he has been repeatedly complimented for being hard working, reliable and diligent. His records shows a significant favorable history of extensive store knowledge, fine interpersonal skills with customers and a willingness to work until the job is done.

Mr. Fleming worked at Home Depot Stores in Florida until 1999. While in Florida he and several other African-Americans were by passed for promotions. After filing legal action, Mr. Fleming and his black co-workers were racially harassed by co-workers, notably they found rope nooses in the workplace. After that case resolved, Mr. Fleming sought and received from a transfer from Florida to Home Depot's West Springfield store.

At Home Depot the employee classifications are: Associate, Department Supervisor, Assistant Manager and Manager. Mr. Fleming has been as Associate for the overwhelming majority of his career at Home Depot and he has made no secret of his desire for a promotion. In October 2001 there were four (4) openings for department supervisors at the West Springfield Store. Mr. Fleming was qualified for all four positions. He was only interviewed for one position and by-passed on suspicious grounds.

1

Home Depot agrees that Mr. Fleming scored well in his interview. However, Home Depot contends that a manager who was not involved in the interview process spoke to Mr. Fleming about the possibility of a promotion. Allegedly, Mr. Fleming implied in response that he was doing Home Depot a favor by applying for the position and the he was not that enthused about the promotion. These alleged comments, which management admits it never spoke to Mr. Fleming about, effectively poisoned that promotion. Mr. Fleming was not offered a position in October/November 2001.

The by-pass and its circumstances, based upon alleged, unverified stray comments, is evidence of an illegal bias. Further, the circumstances deeply impacted Mr. Fleming and his efforts to advance within the company. Only recently, May 2006, did Mr. Fleming actively renew his efforts to advance and at that time was promoted to department supervisor.

Initially, Mr. Fleming did very well in that position. More recently a cloud has appeared. His current supervisor has had him performing line duties outside the building directly impeding Mr. Fleming's ability to perform his department supervisor duties.

Mr. Fleming contends that the company has not promoted him in retaliation for his prior suit. Admittedly, the direct evidence to compel a verdict for plaintiff is difficult to discern.

2.  **Statement of Facts Established by Pleadings.**

The Plaintiff has been employed since 1983. In 2001 he applied for promotion to four positions and was by-passed by younger, less experienced, non-black candidates.

3.  **Contested Issues of Fact.**

The Plaintiff denies that there is any basis for summary judgment to enter. The Plaintiff was discriminated against by virtue of the 2001 by-pass and reasons for said by-pass. That by-pass did result in a loss directly attributable to the defendant's actions.

4.  **Jurisdictional Questions.**

None.

5. **Pending Motions.**

The Defendant seeks leave to file Summary Judgment. Otherwise there are no pending motions.

6. **Issues of Law.**

The Plaintiff submits that he meets the burden to establish a prima facie case of race based discrimination in employment. Further, plaintiff submits that the evidence as a whole requires that this controversy be submitted to the jury.

7. **Any Requested Amendments to The Pleadings**

None.

8. **Any Additional Matters to Aid in Disposition:**

Plaintiff's counsel would like to explore the possibility of mediation prior to any dispositive motions being scheduled.

9. **Length of Trial**

The Plaintiff believes this matter will take three to four (3-4) days to try.

10. **List of Witnesses.**

The Plaintiff joins with the defendant noting that this witness list is not final and plaintiff reserves the right to supplement in accordance with the Federal Rules of Civil Procedure.

The Plaintiff does intend to call the following individuals to testify at trial:
1. <u>Lionel Fleming</u>: Mr. Fleming will testify regarding his employment at Home Depot and the specific by-pass in question.
2. <u>Chris Catalina</u>: Mr. Catalina is expected to testify regarding Mr. Fleming, his performance, and his by-pass in 2001 and as to comments made by a manager of an alleged conversation with Mr. Fleming regarding a promotion. Those

3

comments which were the basis for by-pass were never the subject of a specific inquiry.

11. **Expert Witnesses.**

The Plaintiff has not finalized its expert list and reserves the right to supplement the list. In addition, the plaintiff adopts the exhibits identified by Defendant as its submission.

                            **The Plaintiff,**
                            **Lionel Fleming**

                    By:   */S/ Timothy J. Ryan*
                           Timothy J. Ryan, BBO#551680
                           Ryan & Downey, P.C.
                           1441 Main Street, Suite 1040
                           Springfield, MA 011030-1450
                           T: (413) 214-6080
                           F: (413) 214-6085

**Certificate of Service**

I, Timothy J. Ryan, hereby certify that I have caused a copy of this motion to be served on counsel for the Defendants, via U.S. Mail, postage prepaid, on this the 5th day of October, 2007.

                            */S/ Timothy J. Ryan*
                            Timothy J. Ryan