# EXHIBIT 16

# RYAN & DOWNEY, P.C.
ATTORNEYS AND COUNSELORS AT LAW
1441 MAIN STREET, SUITE 1040
SPRINGFIELD, MASSACHUSETTS 01103-1450

Henry M. Downey
Timothy J. Ryan

Telephone (413) 214-6080
Fax (413) 214-6085

August 2, 2007

*Via fax at 617-367-3125*

Tracy Thomas Boland, Esq.
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109-2639

Re: Fleming v. Home Depot U.S.A, Inc.
U.S. District Court Civil Action No. 04-30213-MAP

Dear Attorney Boland:

Enclosed herewith please find the Plaintiff Lionel Fleming's Answers to Defendant's Second Set of Interrogatories.

Sincerely,

Timothy Ryan

TJR:lg
Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| LIONEL FLEMING,        |           |
|------------------------|-----------|
|                        | Plaintiff |
| vs.                    |           |
| HOME DEPOT INC.,       |           |
|                        | Defendant |

Case No. 04-30213-MAP

## PLAINTIFF LIONEL FLEMING'S ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES

### Interrogatory No. 1:

Identify the persons, including their addresses, telephone numbers, and job titles, who possesses knowledge pertaining to any fact or issue involved in this case. Include in your response a description of the substance of their knowledge, a statement of whether you presently expect to call them as witnesses at trial, and a description of all documents which support, tend to support, or tend to refute your response to this Interrogatory.

### Answer

The Plaintiff objects to this request on the grounds that it is overbroad and unduly invasive. Without waiving this objection, the plaintiff states that he believes that the great majority of co-workers have a positive and favorable impression of him.

### Interrogatory No. 2:

Identify each document that you intend to use as evidence in support of any claim asserted in your Complaint, or in opposition to any defense or affirmative defense asserted by Home Depot, giving a brief description of what you believe each document proves, and identify all documents which support, tend to support, or tend to refute your response to this Interrogatory.

### Answer

The plaintiff has no specific documents at this time responsive to this request. The plaintiff was subject to racial discrimination and harassment in a Home Depot store in Florida. A suit was brought and that suit was settled. Thereafter, Mr. Fleming transferred to the West Springfield store. The transfer was made in the hopes of securing a management position.

Despite repeated requests for management positions, the institution of this claim with the MACAD in 2002 the plaintiff is still locked out of consideration for a management position.

**Interrogatory No. 3:**

List each element of damages that you are claiming and include in your response the following: the category into which item of damages falls, (i.e. general damages, special or consequential damages, interest, and any other relevant categories); the factual basis for each item of damages; the amount claimed for each; an explanation of how each amount was calculated, including any mathematical formula; and a description of each document on which such calculation was based or which supports, tends to support, or tends to refute your response to this Interrogatory.

**Answer**

The damages involved in this suit include economic and emotional damages. The economic damages involve the pay differential between what Mr. Fleming would have earned as a manager and as compared to his actual earnings since 2000 or 2001 to date. At this point the plaintiff does not have reliable figures as to the pay grades for department supervisors or assistant managers. The economic damages are ongoing. As such there would be a claim for front pay damages.

With respect to emotional distress, I have not treated with any psychologist, counselor or mental health provider. However, Home Depot's refusal to acknowledge or act upon my promotion has caused anxiety, sleeplessness over the years.

**Interrogatory No. 4:**

Identify any person other than counsel who has provided you with a written statement or opinion of any kind which relates to any allegation, claim, defense, or affirmative defense raised in this lawsuit, and for each person, describe the substance of such statement or opinion and the date you obtained such statement or opinion.

**Answer:**

I have received over one hundred statements from West Springfield Home Depot employees regarding my work and performance at Home Depot. These statements were received in and around 2003. Plaintiff will promptly provide a list of the individuals who provided written statements.

**Interrogatory No. 5:**

Identify all medical practitioners, including, but not limited to, physicians, psychologists, therapists, counselors, and other health care providers from whom you have received consultation, treatment, and/or examination for any physical, mental, or emotional illness, injury,

2

or condition from August 9, 2005 to the present; list the address of each and their specialty area of practice; and describe briefly the reason for the service(s) and the date(s) on which the service was provided.

**Answer:**

Other than for medical treatments for a knee condition, I have not treated with any doctors, or other health care providers for medical, mental or emotional issues. Please note that the knee condition is not related to this discrimination claim.

**Interrogatory No. 6:**

Identify all witnesses you believe may have witnessed, or actually did witness, any alleged discrimination or retaliation or whom were otherwise made aware of the alleged discrimination or retaliation; and identify all documents which support, tend to support, or tend to refute your response to this Interrogatory.

**Answer:**

The discrimination involves Home Depot's refusal to promote me and at the same time promote junior, less experienced individuals ahead of me. While several of my co-workers may be aware of junior associates promoted ahead of me, I am not aware that any of my co-workers identified these episodes as discriminatory against me. As such I am not sure that I have any witnesses of actual discriminatory conduct.

**Interrogatory No. 7:**

Describe all sources of any income that you have received from August 9, 2005 through the present, including all income you have received from Home Depot, specifying the amounts received, dates of receipt, and the sources of such income.

**Answer:**

Home Depot has my W-2's for calendar years 2005 and 2006. Likewise it has available to it my earnings for calendar year 2007. In addition to Home Depot, my outside income for calendar year 2005, 2006 and to date in 2007 is as follows:

In 2005 $52,590 – total earnings from all my jobs;
In 2006 $55,006 – total earnings from all my jobs;

**Interrogatory No. 8:**

3

Identify all employers with whom you were employed from the three (3) years preceding your initial date of hire with Home Depot to the present, including in your response the name, address, and telephone number of the employer; the name and title of your direct supervisor(s); the nature of the employment, including your job title; the dates of employment, salary and benefits, and your reason for leaving the employer.

**Answer:**

1. Scotty's Lumber 1981 through 1983 – I left this job to work for Home Depot in Florida;

2. Home Depot 1983 to present;

3. FedEx – in 2001 – temporary position loading trucks in Windsor Locks, Connecticut – it was a seasonal position;

4. Universal Plastics – in 2003 – temporary position as a warehousemen in Holyoke, Massachusetts;

5. Sulco – 2004 to present – a warehousemen in Holyoke, Massachusetts;

**Interrogatory No. 9:**

Aside from your attorney(s), state the full names, addresses, and telephone numbers of all persons who assisted in the preparation of, or who prepared, your responses to these Interrogatories, and for each individual, please state their role in preparing the Interrogatory responses and identify all documents used to prepare your responses to these Interrogatories.

**Answer:**

I relied on facts and information known to me to answer these interrogatories.

**Interrogatory No. 10:**

Identify all experts you intend to call to testify at trial, and describe in detail the subject matter of each such expert's anticipated testimony, the facts and opinions to which each expert is expected to testify, and the grounds for each opinion.

**Answer:**

At the present time I do not have an expert witness for trial. Plaintiff will supplement this answer if necessary.

**Interrogatory No. 11:**

4

Identify or produce for inspection each document in your custody or control, or of which you have knowledge that you contend supports you claim or claims, or relate to any allegation or cause of action asserted in the complaint.

**Answer:**

The plaintiff will supplement this response.

### Interrogatory No. 12:

State whether Plaintiff has ever filed an EEOC or Massachusetts Commission Against Discrimination charge or ever been a party to a lawsuit other than this action. If so, for each charge or lawsuit state: (a) name and location of the agency or court; (b) charge or court file number; (c) date commenced; (d) whether Plaintiff was the Plaintiff or Defendant in the prior action; (e) names and addresses of all other parties and their attorneys, including a designation whether the party was a Plaintiff, Defendant, etcetera; (f) nature of the charge, complaint and defense; (g) present status of the charge or suit; and (h) if concluded, the final result of the charge or suit and the amount of any settlement or award.

**Answer:**

I filed an action in Florida against Home Depot. That suit settled in 1898 and Home Depot as a defendant has access to all the relevant papers.

In addition, prior to the institution of this action, I filed an action against the Home Depot with the MCAD. That action was removed from the MCAD due to the approaching statute of limitations.

Other than these claims, I have not filed any legal action.

### Interrogatory No. 13:

If you have ever complained of employment discrimination to an employer, excluding Home Depot, either formally or informally, state the date and describe in detail the nature and resolution of each such complaint.

**Answer:**

Not Appliable.

### Interrogatory No. 14:

5

Describe specifically and in detail all steps you have taken in an effort to mitigate the damages or any of the damages which you claim to have suffered as a result of any act or omission by or on behalf of the Defendant Home Depot.

**Answer:**

I have continued to work diligently and cooperatively with my supervisors and co-workers at Home Depot. I have taken and completed various Home Depot management training courses and I have been generally available for promotion. In addition, I have had a second job these past five (5) years in order to supplement my income.

**Interrogatory No. 15:**

Provide the name and address of each person, if any, from whom you have received any type of treatment (including counseling) for any physical, emotional, mental or psychological condition or problem in the past ten (10) years.

**Answer:**

I have had ongoing treatment for a knee replacement. I do not have a primary care physician and I have not treated with any provider for any emotional, mental or psychological condition.

**Interrogatory No. 16:**

Detail all efforts you made to seek a promotion at Home Depot from August 9, 2005 to the present.

**Answer:**

I am registered with the JPP. I work as a dedicated Home Depot employee. I have been employed with Home Depot for twenty-four (24) years, and I have held seven (7) Home Depot Department Head Supervisor positions. In March 2006 I was asked by Mike Latteral, Assistant Manager Night Operations, if I was interested in an open department supervisor position. I told Mr. Latteral that I was and I was registered for that position in the JPP. Subsequently I was interviewed for and selected for the Department Supervisor Night Crew position that I continue to hold to the present.

**Interrogatory No. 17:**

Detail every time you have registered with the Job Preference Process ("JPP"), including for each: the date of the registration and the position for which you registered from August 9, 2005 to the present.

6

**Answer:**

Home Depot has this information on record with the JPP. My understanding is that with respect to promotions beyond the Departmental Supervisor position that the JPP system is not utilized. My understanding that openings in the assistant manager and manager positions are not posted, and that the selection process is run by the manager and district supervisor. I remain interested in an assistant manger spot.

**Interrogatory No. 18:**

Detail every opportunity you have been given, whether by informal invitation or by formal interview, to interview for a position from August 9, 2005 to the present, including for each: the date of the opportunity or interview, the person with whom you discussed the opportunity or had the interview, and the position involved.

**Answer:**

As noted above, in March 2006 I was offered and accepted the position as Department Supervisor Night Crew.

**Interrogatory No. 19:**

Identify each and every document utilized, relied upon, or referred to in formulating your answers to these Interrogatories.

**Answer:**

1. My Home Depot Personnel File;
2. Letters of Recommendation from West Springfield Home Depot employees;
3. Records from my Florida Case against Home Depot.

Signed under the pains and penalties of perjury on this the 1st day of August, 2007.

_Lionel Fleming_   8/1/07

7

As to Objections:                                    The Plaintiff,
                                                     Lionel Fleming

                                            By: _____/s/ Timothy Ry_____
                                                Timothy J. Ryan, BBO#551680
                                                Ryan & Downey, P.C.
                                                1441 Main Street, Suite 1040
                                                Springfield, MA 011030-1450
                                                T: (413) 214-6080
                                                F: (413) 214-6085

8