UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIONEL FLEMING,<br>　　　　　　　　　Plaintiff<br>vs.<br>HOME DEPOT INC.,<br>　　　　　　　　　Defendant | Case No. 04-30213-MAP |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

　　　　Lionel Fleming was an eighteen year employee of Home Depot who had very favorable reviews, received merit badges and special recognition in the fall of 2001. Mr. Fleming was applying for one of four openings in his store for department supervisor. The evidence is that Mr. Fleming passed his interview. However, his candidacy was torpedoed by an unverified and unsubstantiated claim that Lionel Fleming, the black candidate, was not enthusiastic about the promotion and that he was doing the company a favor in agreeing to accept a promotion. As a result of that statement, four younger, substantially less experienced males were promoted ahead of Mr. Fleming.

**STANDARD OF REVIEW**

　　　　This case is before this Court under diversity jurisdiction. The Plaintiff's claim is brought under M.G.L. c. 151B and as such this Court, in diversity, is guided by Massachusetts law.

　　　　M.G.L. c. 151 §4 states that "it is an unlawful practice for an employer, because of race, color, . . . of any individual, to refuse to hire or employ or to bar or discharge from such individual or to discriminate against such individual in compensation or in terms, conditions or

1

privileges of employment, . . . ." This case is based upon the fact that Home Depot in refusing and failing to promote Mr. Fleming discriminated against him.

Under Massachusetts law in order to prove a claim of discrimination a plaintiff must prove four elements: (1) membership in a protected class; (2) that he suffered an adverse employment action; (3) that there was discriminatory animus; and (4) that the discriminatory animus caused the adverse employment action. Lipchitz v. Ratheon Co., 434 Mass. 493, 502 (2001)

Massachusetts Courts have long held that in the context of a discrimination case based on disparate treatment, summary judgment is a disfavored remedy. Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 127 (1997). This is due to the fact that in a disparate treatment case such as this one, "the ultimate question of the defendants' state of mind is exclusive and rarely is established by anything other than circumstantial evidence . . . which requires the jury to weigh the credibility of conflicting explanations of the adverse conduct." Blare v. Husky Injection Molding Systems, Boston, Inc., 419 Mass. 437, 439, (1995) citing Wheelock College v. Mass. Comm. Against Discrimination, 371 Mass. 130, 137 (1976).

This is a disparate treatment discrimination claim based upon indirect evidence of discrimination. The three stage burden shifting framework set forth in McDonnell Douglas is utilized by the Court to review the case.

**I. PLAINTIFF ESTABLISHES A PRIMA FACIE CASE OF RACIAL DISCRIMINATION**

Under Massachusetts law, to establish a prima facie case of racial discrimination resulting in the termination of an employee, plaintiff must show that:

(1) he is a member of a protected group

(2) the employer took an adverse employment action against him (in this case the by-

2

pass);

(3)   he is capable of performing the job at an acceptable level;

(4)   he was qualified for the position; and

(5)   the employer filled the position with a person's whose qualifications were similar to Plaintiffs.

Douglas v. J.C. Penny Co., Inc., 474 F. 3d 10, 13-14 (1st Cir. 2007)

Massachusetts and Federal case law observe that the level of proof of a prima facie case is not onerous. Further, the evidence must be viewed in the light most favorable to plaintiff. Based upon these rules, it is clear and irrefutable that Mr. Fleming has established a prima facie case.

Mr. Fleming is clearly a member of a protected class and he was by-passed for promotion in October 2001. The job performance evaluation establishes beyond dispute that he was performing at a very high level. It is undisputed that his overall performance rankings in June and December 2001 was '4" out of 5, 5 being highest. None of the candidates beat these numbers.

Mr. Catalina who interviewed Mr. Fleming indicates that the interviews were scored on a pass/fail basis and Mr. Fleming passed. There is no evidence from Mr. Catalina to detract from the passing interview scores, or the very favorable employment scores.

The candidates who were given the 4 positions instead of Mr. Fleming were similarly qualified and these candidates were awarded the positions that Mr. Fleming sought.

II.   **HOME DEPOT'S ARTICULATION OF A LEGITIMATE NONDISCRIMINATORY REASON FOR THE ACTION TAKEN**

Under this state of the review process, Home Depot has the burden of articulating a

3

legitimate nondiscriminatory reason for the action taken. The burden imposed is not to convince or establish a matter of fact that the reason given was the reason for the defendant's actions. Rather, the defendant needs merely to articulate a legitimate non-discriminatory reason. Based upon this low threshold of production, plaintiff concedes that for the purpose of this Motion, that defendant has met its burden of articulating a reason for the by-pass.

### III.  **EVIDENCE AND PROOF OF PRETEXT**

The Lipshitz decision removed the Massachusetts Court from the "pretext only" standard. However, proof that the reasons given by the employer to sustain its adverse action(s) are in fact pretexts and is relevant and material in determining discrimination claims generally.

The Lipshitz decision restates the Massachusetts standard of proof in cases involving indirect evidence of discrimination such as this one. Under that standard;

> "if the fact finder is persuaded that one or more of the employer's reasons is false, it may (but need not) infer that the employer is covering up a discriminatory intent, motive or state of mind. (citation omitted) Permitting, but not requiring the fact finder to draw the conference strikes the proper balance by holding the plaintiff to (his) ultimate burden without requiring (him) to produce direct evidence of discriminatory animus, a form of evidence that, we recognize, rarely exists . . . That inference, combined with the evidence addressed to meet the employee's burden under the first stage of McDonnell-Douglas, permits the fact finder to conclude that the employee has satisfied (his) ultimate burden of proving that the decision was made 'because of' the unlawful discrimination." Lipshitz at 501.

Mr. Fleming has established a prima facie case. Further, the evidence shows that he was by-passed due to the comments made by Mr. Thompson. These comments had the purpose and effect of blocking Mr. Fleming's career path. The comments that Mr. Fleming was unenthusiastic, that he acted as though he was doing Home Depot a favor engender negative race based stereotypes, a black man with a bad attitude.

4

These comments were delivered to the mangers in a manger's meeting in which the mangers were obviously evaluating candidates. No one stopped to see if he wants the promotion. No one offered Mr. Fleming to agree that the comments were true, or to rebut them.

What is particularly gulling is that Mr. Fleming has always been a reliable and steady employee. As of 2001 he had eighteen years in the company, never a discipline, never a trouble maker. He was a conscientious, hardworking employee, winning awards, badges and special recognition for a job well done.

As noted, proof of pretext, as has been established here, is proof of discrimination animus entitling this claim to move forward to a jury trial.

## IV.   EVIDENCE OF CAUSAL CONNECTION

The evidence of the causal connection is Mr. Catalina's admission that Ken Thompson's statements relative to Mr. Fleming lack of enthusiasm and appreciation for the promotion was made in a manager's meeting. The statement was never verified, no one from the store's management team ever consulted with Lionel Fleming as to his account of any discussion with Mr. Thompson.

The purpose of this attack was to cripple Mr. Fleming's chances for a promotion. The statement was made in a manager's meeting, Mr. Fleming was not promoted. The causal connection is clear and certain.

## V.   THE PLAINTIFF HAS PLEAD A VIABLE CLAIM OF RETALIATION

The Plaintiff's Complaint was filed pro-se. Prior counsel did not amend that complaint. The Retaliation claim relates to Home Depot's failure and refusal to promote Mr. Fleming. The

Retaliation claim is specifically relevant to and focused on the failure to promote in the October-November 2001 time frame.

Massachusetts law provides that a claim based upon indirect evidence of retaliation, may be established by proving "a prima facie case of retaliation, and, in the wake of the defendant's introduction of non-retaliatory reasons for the various actions taken, the burden of proving that the articulated non-retaliatory reasons were pretext." Mole v. University of Massachusetts, 442 Mass. 583, (2004) citing McMillan v. Massachusetts Soc'y for the Prevention of Cruelty to Animals, 140 F3d 288, 309 (1st. Cir. 1998).

Mole states that a prima facie case requires proof of:

(1)     plaintiff engaging in protected conduct;

(2)     plaintiff suffered some adverse action; and

(3)     a causal connection exists between the protected conduct and the adverse action.

In this case the protected conduct involves the Florida litigation. The adverse action constitutes Home Depot's refusal to promote the senior and vastly more experienced Lionel Fleming.

The evidence shows that Home Depot and Russ Founds knew of Mr. Fleming's prior complaint and litigation against Home Depot. Mr. Catalina's lack of knowledge does not mean, or prove that Home Depot in West Springfield did not know of the prior Fleming litigation.

Further, evidence of causal connection must be found in the vehicle used to deny Mr. Fleming a promotion, i.e., the unverified statements made by Ken Thompson at manager's meeting.

The evidence viewed in a light most favorable to Mr. Fleming establishes beyond a doubt a very sound and compelling claim of race discrimination and retaliation. For these reasons

plaintiff submits the Court must deny defendant's Motion for Summary Judgment in its entirety.

The Plaintiff,
Lionel Fleming

By: */s/ Timothy Ryan*
Timothy J. Ryan, BBO#551680
Ryan & Downey, P.C.
1441 Main Street, Suite 1040
Springfield, MA 011030-1450
T: (413) 214-6080
F: (413) 214-6085

7