UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIONEL FLEMING,<br><br>      Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>      Defendant. | Civil Action No.  04-30213 MAP |

**DEFENDANT HOME DEPOT U.S.A., INC.'S REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Home Depot U.S.A., Inc. ("Defendant") hereby submits the following Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Opposition").

Despite Plaintiff's efforts to divert the Court's attention to immaterial facts, nothing in the Opposition creates a genuine dispute of material fact sufficient to survive summary judgment. Rather, the record before the Court fully supports summary judgment on both counts of the Complaint and dismissal of Plaintiff's claims as a matter of law is warranted.

**I.     ARGUMENT**

    **A.  Plaintiff Was Rated As Giving Only A "Solid Performance" In June 2001
    And Plaintiff's December 2001 Performance Rating Is Irrelevant To
    Determining Whether The Other Four Candidates Had Superior
    Qualifications In October 2001.**

First, Plaintiff asserts that his performance was rated in June 2001 as an "effective performance" (carrying a numerical ranking of "4" out of the highest possible "5"). (Opposition at 3). In fact, the indisputable evidence reveals Plaintiff's performance was

rated as only a "solid performance" (carrying a numerical ranking of "3", an entire ranking lower) in June 2001. (Defendant's Facts at ¶19). Plaintiff's June 2001 performance evaluation was the most recent evaluation he had at the time of the October 2001 promotion process. The four candidates who received the promotion in October 2001 all had received an "effective performance" ("4") rating on their most recent evaluations. (Defendant's Facts at ¶19).

Second, Plaintiff comments in his Response to Defendant's Statement of Facts ("Plaintiff's Facts") that Defendant did not include the December 2001 performance evaluation, on which Plaintiff received a "4" out of "5" rating. (Plaintiff's Facts at ¶16). Defendant did not make reference to the December 2001 performance evaluation because it came two months *after* the October 2001 promotion process. As a result, it is wholly irrelevant to this matter. Defendant included as evidence the two performance evaluations leading up to October 2001 for Plaintiff and for each of the four candidates selected for the October 2001 promotions. (Defendant's Facts at ¶19). These two evaluations for Plaintiff (both "solid performance" -- "3" -- ratings) were lower than the evaluations of the four selected employees, all of whom received "effective performance" – "4" – ratings on both of their two most recent performance evaluations. (Defendant's Facts at ¶19; *see also* Associate Action Notices reflecting the "Review Rating" for each of those evaluations for all four selected employees, attached collectively hereto as Exhibit A). Plaintiff's misrepresentation of these undisputed facts should not prevent the Court from the inescapable conclusion that Plaintiff was not as qualified as the selected candidates.

### B. **Plaintiff Does Not Establish Evidence of Pretext With His Assertions Regarding Ken Thompson's Comments.**

Plaintiff focuses nearly his entire Opposition as it relates to Plaintiff's failure to promote claim on Ken Thompson's comment to management about Plaintiff's lack of enthusiasm in or about October 2001. (Opposition at 4-5). Plaintiff submits this is evidence of pretext. (Opposition at 4-5). Plaintiff is wrong.

Ken Thompson was an Assistant Store Manager at the West Springfield store in October 2001. Chris Catalina, Store Manager, recalls Mr. Thompson remarking that Plaintiff had expressed a lack of enthusiasm in becoming a Department Supervisor during the October 2001 promotion process. (Affidavit of Christopher Catalina ("Catalina Aff."), attached hereto as Exhibit B, at ¶2). Plaintiff raised the issue of Mr. Thompson's comment during his deposition of Mr. Catalina. Plaintiff refreshed Mr. Catalina's recollection by reading from Defendant's Answers to Interrogatories served by Plaintiff at the Massachusetts Commission Against Discrimination ("MCAD") stage of this litigation. (Home Depot U.S.A., Inc.'s Answers to Complainant's First Set of Interrogatories, Interrogatory Number 5 and Answer Number 5, attached hereto as Exhibit C). The interrogatory sought an explanation of the reasons why Plaintiff was not promoted in October 2001. Defendant's answer to the interrogatory revealed that the other candidates' qualifications constituted the main reason Plaintiff was not selected but that Plaintiff's apparent lack of enthusiasm for the position also contributed to the decision. (Ex. C).

Plaintiff contends that Defendant should have attempted to verify the statement or consult with Plaintiff prior to making its final promotion decision. (Opposition at 5). However, it is indisputable that the predominant reason for the selection of four other

candidates was their superior evaluations. To the extent the decision-makers may have also considered a report that Plaintiff was not enthusiastic about the position, any such consideration is immaterial. Plaintiff has not demonstrated how such consideration was connected to animus or an undue consideration of his race. In short, even if Defendant erroneously believed that Plaintiff lacked enthusiasm for the position, nothing in this assumption supports any claim of racial discrimination. Entry of summary judgment is still appropriate.

      **B.**    **Russ Founds' Alleged Knowledge About Plaintiff's Florida Lawsuit is Immaterial to Plaintiff's Retaliation Claim.**

Plaintiff's attack against Defendant's Motion for Summary Judgment on his retaliation count is equally infirm. Plaintiff asserts that Russ Founds, a Store Manager in West Springfield when Plaintiff transferred to that store in 1999, knew about Plaintiff's Florida lawsuit. (Opposition at 6). Even assuming this to be the case, Mr. Founds had left the West Springfield store months before the October 2001 promotion process. Specifically, Mr. Founds transferred to the Berlin, Connecticut store effective April 1, 2001. (Catalina Aff. , Ex. B, at ¶3). As a result, Mr. Founds was not even present at the time the decisions were made regarding the Department Supervisor promotions. Plaintiff has provided no evidence that Mr. Founds relayed any alleged knowledge about the Florida lawsuit to any managers who remained at the West Springfield store at the relevant time. Hence, although Plaintiff's retaliation claim remains fundamentally infirm because he cannot show how any Home Depot manager was motivated to retaliate against him in October 2001 because he field a complaint in Florida in 1996, it is in no manner supported because a manager who left the store in April 2001 may have had knowledge of his lawsuit from five years before.

4

## IV.     CONCLUSION

For all the foregoing reasons, Defendant's Motion For Summary Judgment should be granted and Plaintiff's claims should be dismissed as a matter of law.

                Respectfully submitted,

                HOME DEPOT, U.S.A., INC.
                By its attorneys,

                /s/ Tracy Thomas Boland
                Robert P. Joy (BBO No. 254820)
                Joseph P. McConnell (BBO No. 566412)
                Tracy Thomas Boland (BBO No. 638878)
                MORGAN, BROWN & JOY, LLP
                200 State Street
                Boston, Massachusetts  02109
                617 523-6666

Date: December 10, 2007

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel for the plaintiff, Timothy J. Ryan, Ryan & Downey, P.C., 1441 Main Street, Suite 1040, Springfield, Massachusetts 01103, by electronic notification, this 10th day of December, 2007.

                /s/ Tracy Thomas Boland
                Tracy Thomas Boland