COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

---------------------------------------------------------------x

LIONEL M. FLEMING,

               Complainant,

                                    MCAD Docket No.: 02SEM01338
                                    EEOC Charge No.: 16CA201824
v.

HOME DEPOT USA, INC.,

               Respondent.

---------------------------------------------------------------x

## HOME DEPOT U.S.A., INC.'S ANSWERS TO COMPLAINANT'S FIRST SET OF INTERROGATORIES

Pursuant to 804 CMR 1.19 and M.R.C.P. 26 and 33, Respondent Home Depot U.S.A., Inc. (incorrectly named in Complainant's Charge as "Home Depot USA, Inc.") (hereinafter "Home Depot" or "Respondent") hereby makes the following responses to Complainant Lionel M. Fleming's (hereinafter "Complainant" or "Mr. Fleming") First Set of Interrogatories.

### GENERAL OBJECTIONS

Respondent objects to Complainant's interrogatories to the extent that they seek information protected by the attorney-client privilege or attorney work product doctrine. Respondent also objects to Complainant's interrogatories to the extent that they demand information equally available to Complainant and/or previously produced in this case. Respondent also objects to Complainant's interrogatories to the extent that Complainant has exceeded the number of interrogatories he is allowed as of right pursuant to 804 CMR 1.13(7)(b), which limits the number

reference to this term renders this interrogatory overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objection, and without waiving any other objections, which could be asserted, in accordance with Rule 33(c) of the Massachusetts Rules of Civil Procedure, Respondent incorporates **Exhibit 1,** annexed to Respondent's Responses to Complainant's First Request for Production of Documents.

## INTERROGATORY NO. 5:

Please describe in full and in complete detail, including specific instances, why the Complainant was not promoted to either the open department manager positions in the Paint and Hardware Departments for which he applied in or about October, 2001, or to any other department manager positions for which he applied or which became vacant thereafter.

## ANSWER NO. 5:

Respondent objects to this interrogatory, as it is overly broad in scope, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, Respondent objects to the use of the term "department manager positions" as this term is not defined and as "department manager" is not a job title to any position available at Home Depot. As used by Complainant in this interrogatory, reference to this term renders this interrogatory vague and ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, and without waiving any other objections which could be asserted, Respondent answers that, after being interviewed by Management, Mr. Fleming was not selected for a promotion to Department Supervisor at the West Springfield, Massachusetts Home Depot store in October of 2001 because there were other qualified candidates who had received higher performance ratings than Mr. Fleming, and because the management team believed that Mr. Fleming showed a lack of interest and enthusiasm regarding the promotion.

Specifically, Louis Courteau, who was selected for the Hardware Department Supervisor position (Department 25 in West Springfield, Massachusetts) effective November 12, 2001, James Taylor, who was selected for the Paint Department Supervisor position (Department 24 in West Springfield, Massachusetts) effective November 12, 2001, Mathew Bogle, who was selected for the Wall and Floor Covering Department Supervisor position (Department 23 in West Springfield, Massachusetts) effective November 18, 2001, and Robert Parent, who was selected for the Plumbing Department Supervisor position (Department 26 in West Springfield, Massachusetts) effective November 12, 2001, all consistently received "effective performer" ratings in their performance appraisals. In comparison, Mr. Fleming received satisfactory appraisals, but his ratings were merely "solid," which is not as high as "effective performer." Further, Mr. Parent had

extensive management experience and a background in home improvement, which made him an even more superior candidate for the promotion. Further answering, in accordance with Rule 33(c) of the Massachusetts Rules of Civil Procedure, Respondent incorporates **Exhibits 1, 4, 5, 6 and 7**, annexed to Respondent's Responses to Complainant's First Request for Production of Documents. **The production of this information is subject to the terms and conditions of the Confidentiality Agreement to be executed by the parties. Respondent will supplement its response to this request upon receipt of the signed Confidentiality Agreement.**

Further answering, in or about late October or early November, 2001, shortly before the final decision regarding the promotions was made, Mr. Fleming had a discussion with Ken Thompson, regarding his interest in the potential promotion to Hardware Department Supervisor. At that time, Mr. Thompson was employed as Assistant Manager of the Hardware Department at the West Springfield, Massachusetts store. During this discussion, Mr. Fleming displayed what Mr. Thompson believed to be a total lack of interest in obtaining the promotion to Hardware Department Supervisor. Specifically, in or about late October or early November, 2001, shortly before the final decision regarding the promotions was made, Mr. Thompson approached Mr. Fleming in the Receiving Department area of the store and stated that he was glad to hear that Mr. Fleming had applied for the promotion to Hardware Department Supervisor. Mr. Fleming responded to this statement in a manner that implied that he was doing Mr. Thompson a favor by applying for the opening. Mr. Fleming stated: "Yeah. I would rather do this [i.e., work in the Receiving Department]; the hardware position is my third choice, but if you really need me, I would do it. I guess I could do that for you, Ken. I'd give it a shot." Mr. Thompson was surprised by Mr. Fleming's attitude and lack of enthusiasm. At the next staff meeting, when the management team discussed the Department Supervisor candidates, Mr. Thompson informed the management team that he had discussed the possible promotion with Mr. Fleming, and he reiterated what Mr. Fleming had stated to him. Mr. Thompson voiced his opinion that he felt Mr. Fleming acted as if he was doing Mr. Thompson a favor by applying for the promotion, and that Mr. Fleming lacked the requisite interest and enthusiasm sought for the promotion.

Further answering, in accordance with Rule 33(c) of the Massachusetts Rules of Civil Procedure, Home Depot incorporates its MCAD Position Statement and Verification filed on July 18, 2002, a true and accurate copy of which was previously served on Complainant's counsel. *See also*, Respondent's Answer to Interrogatory No. 10, herein.

## INTERROGATORY NO. 6:

With regard to each person, including yourself [sic] if applicable, who was involved in the decision not to promote the Complainant by participating, making recommendations, and/or providing information, please state:

    a.    his/her name and home address;

    b.    his/her job position with the Respondent;