UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LIONEL M. FLEMING,            )
        Plaintiff             )
                              )
    v.                        ) Civil Action No. 04-30213-MAP
                              )
HOME DEPOT U.S.A., INC.,      )
        Defendant             )

MEMORANDUM AND ORDER RE:
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 49)

December 20, 2007

PONSOR, D.J.

This is an action pursuant to Mass. Gen. Laws ch. 151B, § 4 for discrimination based on race and for retaliation. Counsel appeared for argument on December 18, 2007, and the court allowed Defendant's Motion for Summary Judgment orally from the bench, stating its reasons in detail. This memorandum will summarize the basis for the court's decision.

The undisputed facts requiring allowance of Defendants's motion are as follows. In 1995 Plaintiff, while employed by Defendant in Florida, filed a race-based discrimination complaint against Defendant. The lawsuit was settled in 1998.

In 1999, Plaintiff moved to Springfield, Massachusetts and began working as a sales associate in Defendant's West Springfield store. The store manager at that time knew of

Plaintiff's Florida lawsuit.  In October of 2001, Plaintiff applied for a promotion to a department supervisor position.  The manager who was aware of Plaintiff's history in Florida had moved on to a different outlet in April of 2001 and played no role in Defendant's consideration of Plaintiff's application.  Nineteen employees interviewed for four department supervisor slots at this time.

Ultimately, Defendant chose four other applicants, including one employee who was, in part, African American.  All of the chosen employees had higher performance evaluations than Plaintiff.  At the time that Plaintiff failed to receive the promotion in West Springfield, however, Defendant offered him a department supervisor position in another of Defendant's outlets in Auburn, Massachusetts.  Plaintiff turned this promotion down.

Following October 2001, Defendant encouraged Plaintiff to reapply for a promotion on more than one occasion.  For several years Plaintiff declined to make any application.  The very next time Plaintiff applied for a promotion, in May of 2006, he received it.

It is well established that, when facing a motion for summary judgment in an employment discrimination case, a plaintiff bears the initial obligation to point to evidence sufficient to make out his prima facie case.  This burden is

not onerous, and the court will assume for purposes of this discussion that Plaintiff carried it.

Defendant has responded to Plaintiff's initial showing by pointing to the difference in the performance evaluations between the four individuals who were promoted and Plaintiff as its basis for the promotion decision. In addition, Defendant admits that it also relied, in part, upon a comment by one of its employees, one Ken Thompson, an assistant store manager, to the effect that Plaintiff was not really interested in the promotion. These reasons constitute an adequate non-discriminatory justification for Defendant's action.

Once Plaintiff has made a <u>prima facie</u> showing, and Defendant has articulated a legitimate justification for its actions, Plaintiff has the obligation to point to evidence in the record sufficient to satisfy a reasonable jury that the supposedly legitimate reason asserted by Defendant was, in fact, merely a pretext and that the decision not to promote him was actually based on race. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 805 (1973). In a claim for discrimination under Massachusetts law, the plaintiff may survive summary judgment by pointing to evidence that, if believed, would demonstrate that at least one of the defendant's proffered reasons for its action was in fact

3

pretextual.  <u>Douglas v. J.C. Penney Co.</u>, 474 F.3d 10, 14 n.2 (1st Cir. 2007).

Plaintiff points to the statement by Thompson, which he says was not true, as evidence of pretext.  This contention is unpersuasive for two reasons.  First, nothing in Thompson's remarks suggests any discriminatory animus.  Second, whether Thompson's opinion was right or wrong, Defendant relied upon it, in part, in making its decision.  As the First Circuit has stated "'[i]f the reason given by the employer is the real reason for its action,' it does not matter if 'the employer's action was arbitrary or unwise.'" <u>Joyal v. Hasbro, Inc.</u>, 380 F.3d 14, 19 (1st Cir. 2004) (citing <u>Wheelock College v. Massachusetts Com. Against Discrimination</u>, 371 Mass. 130 (1976)).

In sum, a careful review of the record reveals a complete absence of <u>any</u> evidence suggesting either that Defendant's articulated, legitimate justification for its decision not to promote Plaintiff was in any way a pretext or that its true motivation arose from racial bias.  Moreover, no evidence supports any claim that the promotion decision-makers even knew of Plaintiff's prior discrimination claim in Florida, let alone retaliated against him for it.  In the absence of any such evidence, it would be false charity to Plaintiff to deny the Motion for Summary Judgment and permit a moribund case to

proceed to trial.  Despite counsel's vigorous arguments, the record simply will not support Plaintiff's claims.

For the foregoing reasons, Defendant's Motion for Summary Judgment was allowed by oral ruling.  The clerk will enter judgment for Defendant.  The case may now closed.

It is So Ordered.

>  /s/ Michael A. Ponsor
> MICHAEL A. PONSOR
> United States District Judge